■ JIM WALTER DOORS, DIVISION OF CELOTEX CORPORATION, Respondent, v ALAN GREENBERG, Appellant.—In a contempt proceeding pursuant to Judiciary Law article 19, the appeal is from an order of the Supreme Court, Nassau County (Kutner, J.), dated July 15, 1988, which, inter alia, adjudged Alan Greenberg to be in contempt of court.

Ordered that the order is affirmed, without costs or disbursements.

In an effort to enforce an outstanding money judgment, the petitioner served a subpoena duces tecum upon the respondent Alan Greenberg, who had been the principal officer of the judgment debtor corporations. The respondent, however, failed to appear for oral examination, as required by the subpoena, nor did he produce the documentation requested by the petitioner. As a result, the petitioner commenced the instant proceeding to punish the respondent for contempt.

Contrary to the respondent's contentions, we find that the Supreme Court properly granted the petition and adjudged him to be in contempt, without conducting a hearing to determine the willfulness of his conduct. In order to sustain a finding of civil contempt, it is not necessary that the disobedience be deliberate or willful; rather, the mere act of disobedience, regardless of its motive, is sufficient if such disobedience defeats, impairs, impedes or prejudices the rights of a party *(see, Gordon v Janover,* 121 AD2d 599; *Yalkowsky v Yalkowsky,* 93 AD2d 834; *Great Neck Pennysaver v Central Nassau Publs.,* 65 AD2d 616).

Similarly unavailing is the respondent's contention that he was not required to comply with the subpoena since he was not a party to the underlying litigation and was no longer the managing agent of the debtor corporations *(see, Frankel v Frankel,* 111 AD2d 447; *Oppenheimer v Oscar Shoes,* 111 AD2d 28; *Citibank v Anthony Lincoln-Mercury,* 86 AD2d 828). If the respondent wished to resist the oral examination, or if he no longer had access to the documentation sought by the petitioner, the appropriate remedy would have been to apply to the court for a protective order against disclosure *(see, McNulty v McNulty,* 81 AD2d 581). Because it is undisputed that the respondent, instead, elected to disobey the subpoena, and thereby prejudiced the rights of the petitioner, a hearing was unnecessary prior to holding him in contempt of court *(see, Quantum Heating Servs. v Austern,* 100 AD2d 843; *see also, Commissioner of Labor of State of N. Y. v Hinman,* 103 AD2d 886). Mangano, J. P., Bracken, Kunzeman and Eiber, JJ., concur.