OPINION OF THE COURT
Per Curiam.
 On June 13, 1991, this Court dismissed as untimely a motion by defendant for leave to appeal (78 NY2d 909). By notice of motion served July 12, 1991, defendant moved for reargument, contending that the Court misapprehended the nature of the relief he sought. Plaintiff then cross-moved for sanctions pursuant to part 130 of the Rules of the Chief Administrator of the Courts (22 NYCRR 130-1.1 et seq.), alleging that defendant’s reargument motion was frivolous and made solely to delay the progress of enforcement proceedings pending against defendant in Israel.* For the reasons that follow, defendant’s motion for reargument should be denied and plaintiff’s cross motion for sanctions granted.
Defendant’s initial motion invoking CPLR 5514’s special extension for attorney disability was wholly without basis in the statute. The present motion is premised on a claim that we mistakenly treated the initial motion as one for leave to appeal rather than as one for permission to make such a motion "out of time.” That claim, similarly, is frivolous. The utter lack of merit in these motions and the virtual impossibility of affecting the final judgment at this late stage in the litigation confirm plaintiff-cross-movant’s contention that this reargument motion was made primarily to delay enforcement of a judgment in Israel. Indeed, although defendant has dis *308 puted plaintiffs characterizations of some of the background facts, he has made no more than a token effort to defend the merits of the present motion. Thus, his papers raise no significant issues requiring a further inquiry (see, 22 NYCRR 130-1.1 [d]X
It is clear that the present motion was "undertaken primarily to delay or prolong” the Israeli enforcement proceedings (see, 22 NYCRR 130-1.1 [c] [2]). This is precisely the type of misuse of judicial process that part 130 was adopted to curtail. In imposing a sanction on both defendant and his attorney, we have considered the facts that plaintiff has been inappropriately hampered in its efforts to enforce a valid judgment, that this was defendant’s second misguided effort to invoke the jurisdiction of this Court for purposes essentially unrelated to the legitimate settlement of controversies and that a specific, well-founded request for sanctions against both defendant and his counsel has been made (cf., Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway, 76 NY2d 411, 414-415).
Accordingly, defendant’s motion for reargument should be denied; a sanction in the amount of $2,500 should be imposed on defendant Henry Roth, a separate sanction in the amount of $2,500 should be imposed on his attorney, Louis H. Benjamin, and plaintiffs cross motion should otherwise be denied.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion; Judge Alexander taking no part.
Motion for reargument of motion for leave to appeal denied. Cross motion for imposition of sanctions granted and sanctions imposed upon defendant Henry Roth and upon Louis H. Benjamin, Esq., each in the amount of $2,500; cross motion otherwise denied.

 [2] Plaintiff also sought an order "certifying” that defendant has "exhausted all of his New York appellate remedies,” presumably to enable the Israeli courts to proceed with the enforcement litigation. However, there is no procedural or jurisdictional predicate for this Court to issue such an order.