■ In the Matter of JOSEPH W. RYAN, JR., Respondent, v JOSEPH CAPUTO et al., Appellants. [631 NYS2d 63] —In a contempt proceeding pursuant to Judiciary Law article 19, Joseph Caputo and Anton J. Borovina appeal from an order of the Supreme Court, Suffolk County (Mullen, J.), dated June 30, 1995, which, *inter alia*, found Anton J. Borovina to be in contempt of court.

Ordered that the appeal by Joseph Caputo is dismissed, as he is not aggrieved by the order; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the time of Anton J. Borovina to purge his contempt pursuant to the June 30, 1995, order is extended until five days after service upon him of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the respondent is awarded one bill of costs, payable by Anton J. Borovina personally.

The respondent, Joseph W. Ryan, Jr., was appointed Special District Attorney by an order of the Supreme Court, Suffolk

County, dated December 5, 1994, upon the application of the Suffolk County District Attorney for such an appointment pursuant to County Law § 701. The appellant Anton J. Borovina is special counsel to the County of Suffolk and the Suffolk County Legislature. Following a hearing on February 3, 1995, the court, by order dated February 10, 1995, established an hourly rate of payment to Ryan and any associate attorneys, financial investigators, and/or field investigators employed by him, and also authorized Ryan to submit to the court monthly bills and vouchers for the payment of necessary and reasonable expenses and disbursements as well as services actually performed. No appeal was taken from the February 10, 1995, order.

Thereafter, Ryan submitted to the court for approval a claim voucher dated February 16, 1995, for professional services rendered. This voucher was "approved and so ordered" by the court on February 21, 1995. A second voucher, dated March 1, 1995, was "approved and so ordered" by the court on March 13, 1995. Joseph Caputo, the Suffolk County Comptroller, subsequently had a check issued and payment was made to Ryan of the amounts approved by the court.

Two more vouchers, dated April 1, 1995, and May 1, 1995, were "approved and so ordered" by the court on May 30, 1995. By letter dated June 16, 1995, Borovina advised Caputo that he should not pay either of these vouchers until instructed to do so by Borovina since the County Legislature was "currently assessing its legal rights and options". Thereafter, a fifth voucher, dated June 1, 1995, was "approved and so ordered" by the court on June 20, 1995.

By order to show cause and verified petition dated June 22, 1995, Ryan sought to hold Borovina and Caputo in contempt of court. Oral argument was held on June 23, 1995, and by order dated June 30, 1995, the court, *inter alia*, found Borovina to be in contempt. Borovina and Caputo appeal from this order.

The appeal by Caputo must be dismissed because Caputo, who was not found to be in contempt by the June 30, 1995, order, was not aggrieved by that order.

We agree with the finding which held Borovina in contempt. The claim vouchers "approved and so ordered" by the court constituted lawful judicial orders, the violation of which may sustain a finding of civil contempt *(see, McCain v Dinkins,* 84 NY2d 216, 226; *Matter of Fishel v New York State Div. of Hous. & Community Renewal,* 172 AD2d 835, 838). The evidence before the court plainly established that Borovina had given written instructions to Caputo that payment should not be made, even though it was apparent from Caputo's past pay-

ment of certain claim vouchers that he understood his obligation to comply with the court's directives. Although Borovina maintains that he advised Caputo not to pay because he believed that the orders were invalid, the mere act of disobedience, regardless of motive, is sufficient to sustain a finding of civil contempt where, as here, such disobedience prejudices the rights of a party *(see, Walter Doors v Greenberg,* 151 AD2d 550, 551).

Borovina's remaining contentions are without merit. Mangano, P. J., Sullivan, Balletta, Rosenblatt and Miller, JJ., concur.