■ In the Matter of JOSEPH W. RYAN, JR., Respondent, v JOSEPH R. CAPUTO, as Comptroller of the County of Suffolk, Appellant. [635 NYS2d 46] —In a contempt proceeding pursuant to Judiciary Law article 19, Joseph R. Caputo, Comptroller of Suffolk County, appeals from an order of the Supreme Court, Suffolk County (Mullen, J.), dated July 27, 1995, which, *inter alia,* found him to be in contempt of court.

Ordered that the order is affirmed, with costs.

In *Matter of Ryan v Caputo* (218 AD2d 806), this Court affirmed an order of the Supreme Court, Suffolk County, dated June 30, 1995, finding Anton J. Borovina, Special Counsel to the County of Suffolk and the Suffolk County Legislature, to be in contempt of court. The contempt citation arose from Borovina having instructed Suffolk County Comptroller Joseph R. Caputo, the appellant herein, to defy lawful judicial orders directing payment to Special District Attorney Joseph W. Ryan. Although Caputo was a party to that action, his appeal was dismissed as he was not aggrieved by the order appealed from.

Caputo now appeals from an order of the same court, dated July 27, 1995, finding him to be in contempt for his continued noncompliance with the orders directing that Ryan be paid. As we concluded in the first appeal, the claim vouchers "approved and so ordered" by the court constituted lawful judicial orders, the violation of which may sustain a finding of civil contempt *(see, McCain v Dinkins,* 84 NY2d 216, 226; *Matter of Fishel v New York State Div. of Hous. & Community Renewal,* 172 AD2d 835, 838). Accordingly, Caputo's willful failure to comply with those orders, regardless of motive, is sufficient to sustain a finding of civil contempt where, as here, that disobedience prejudices the rights of a party *(see, Walter Doors v Greenberg,* 151 AD2d 550, 551).

Under the circumstances, we do not find that sanctions against Caputo for frivolous conduct are warranted *(cf., Intercontinental Credit Corp. v Roth,* 78 NY2d 306; *Matter of Minister, Elders & Deacons of Ref. Prot. Dutch Church v 198 Broadway,* 76 NY2d 411).

Caputo's remaining contentions are without merit. Sullivan, J. P., Balletta, Rosenblatt and Miller, JJ., concur.