FOXHALL REALTY LAW OFFICES, INC., on behalf of itself and all others similarly situated, Plaintiff,

v.

TELECOMMUNICATIONS PREMIUM SERVICES, LTD., d/b/a TPS Call Sciences, Defendant.

No. 96 CV 9439 (BDP).

United States District Court, S.D. New York.

Aug. 28, 1997.

Robert J. Schechter, Schechter & Nimkoff, LLP, New York City, for Plaintiffs.

Warren Anthony Fitch, Swidler & Berlin, Chtd., Washington, DC, for Defendants.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

Plaintiff Foxhall Realty Law Offices, Inc. ("Foxhall") brings this action against Telecommunications Premium Services, Ltd. ("TPS") alleging that TPS transmitted to it, by facsimile, an unsolicited advertisement in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("the Act" or "TCPA"). Before the Court is defendant's motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction and, pursuant to Fed.R.Civ.P. 12(b)(2), for lack of personal jurisdiction. For the reasons stated below, the motion is granted.

## BACKGROUND

■ For the purposes of this motion, the material facts alleged in the complaint are taken as true. *See Newman & Schwartz v. Asplundh Tree Expert Co.,* 102 F.3d 660, 662 (2d Cir.1996); *O'Brien v. Alexander,* 101 F.3d 1479, 1484 (2d Cir.1996). TPS is a privately held telecommunications company which provides a "personal assistant" service to its customers. A TPS customer using this service is assigned a single telephone number, and his or her incoming calls on that number are routed to any of several other telephone numbers used by the customer.

Foxhall alleges that on November 5, 1996, it received, in its facsimile machine, a two-page advertisement for TPS's "personal assistant" services. Foxhall contends that the advertisement was sent without its prior express invitation or permission. Foxhall subsequently filed this putative class action suit alleging that defendant, by transmitting the unsolicited advertisement, violated 47 U.S.C. § 227(b)(3).

## DISCUSSION

■ The TCPA was enacted to "protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile ( [f]ax) machines and automatic dialers." *International Science & Technology Inst., Inc. v. Inacom,* 106 F.3d 1146, 1150 (4th Cir.1997). The TCPA prohibits the use of "any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C). The Act further creates a private right of action for violations of its provisions. Specifically, it provides that "a person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State ... an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation." 47 U.S.C. § 227(b)(3).

■ Defendant argues that state courts have exclusive jurisdiction over private causes of action brought pursuant to 47 U.S.C. § 227(b)(3), and that this Court, accordingly, lacks subject matter jurisdiction over this action. Our Court of Appeals has not had occasion to address this question.[1] The Fourth Circuit, the only Court of Appeals that has directly confronted the issue recently held that "[w]hile Congress created, in the TCPA, an individual right to be free from unsolicited fax advertising, it provided for private actions to enforce the right exclusively in state courts. Accordingly, jurisdiction of the United States district courts over private TCPA actions may not be premised on the general federal-question jurisdiction

---

1. Indeed, this Court's research reveals no cases in this Circuit applying or interpreting any of the

provisions of the TCPA.

conferred by 28 U.S.C. § 1331." *International Science,* 106 F.3d at 1158; *but see Kenro, Inc. v. Fax Daily, Inc.,* 904 F.Supp. 912 (S.D.Ind.1995). This Court agrees.

 Foremost among the canons of statutory construction is the principle that "[t]he plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *United States v. Reyes,* 116 F.3d 67, 71 (2d Cir.1997) (citing *United States v. Ron Pair Enters.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989)). The statutory language at issue in this action explicitly confers permissive jurisdiction in state courts: "a person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State" an action for violation of the TCPA's ban on unsolicited fax-advertising. 47 U.S.C. § 227(b)(3). When, as here, the "permissive authorization extends only to courts of general jurisdiction, that authorization cannot confer jurisdiction on unmentioned courts of limited jurisdiction, which require a specific grant." *International Science,* 106 F.3d at 1151. Thus, as the *International Science* court explained,

> [i]f a federal statute permissively authorizes suit in federal court, that authorization does not of necessity preclude suit in state courts of general jurisdiction, which are presumed competent unless otherwise stated. But the contrary assertion cannot be true. If a statute authorizes suit in state courts of general jurisdiction through the use of the term "may," that authorization cannot confer jurisdiction on a federal court because federal courts are competent to hear only those cases specifically authorized.

*Id.* at 1151–52; *see Sheldon v. Sill,* 49 U.S. (8 How.) 441, 449, 12 L.Ed. 1147 (1850).

This Court is further compelled to adopt the construction of section 227(b)(3) advanced by the defendant in view of the manner in which Congress addressed jurisdiction throughout the rest of the Communications Act of 1934, 47 U.S.C. § 201, which the TCPA amends. The Communications Act provides explicitly for concurrent jurisdiction in other contexts. See *International Science,* 106 F.3d at 1152, 47 U.S.C. § 214(c) (authorizing injunction by any court of general jurisdiction for extension of lines or discontinuation of services contrary to certificates of public convenience and necessity); 47 U.S.C. § 407 (authorizing suit in federal court or state court of general jurisdiction for common carrier's failure to comply with order of payment); 47 U.S.C. § 415(f) (establishing one-year limitation on suits brought in federal or state courts to enforce Commission order for payment of money); 47 U.S.C. § 553(c)(1) (authorizing suit in federal court or any other court of competent jurisdiction for unauthorized cable reception); 47 U.S.C. § 555(a) (authorizing suit in federal court or state court of general jurisdiction to review actions by franchising authority); 47 U.S.C. § 605(e)(3)(A) (authorizing civil action in federal court or any other court of competent jurisdiction for unauthorized publication).

 It is well established that "[w]hen interpreting a statute, the court will not look merely to a particular clause in which general words may be used, but will take in connection with it the whole statute ... and the objects and policy of the law, as indicated by its various provisions, and give to it such a construction as will carry into execution the will of the Legislature." *Kokoszka v. Belford,* 417 U.S. 642, 650, 94 S.Ct. 2431, 2436, 41 L.Ed.2d 374 (1974). While Congress has throughout the Communications Act explicitly expressed its intent to provide concurrent jurisdiction, it did not do so in 47 U.S.C. § 227(b)(3). *International Science,* 106 F.3d at 1152. I accordingly find that this Court lacks subject matter jurisdiction over this action.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss, pursuant to Fed.R.Civ.P.

12(b)(1), is granted. The Clerk of the Court is directed to enter judgment in favor of defendant.[2]

2. As the Court dismisses the action for lack of subject matter jurisdiction, it does not address defendant's alternate ground for dismissal, lack of personal jurisdiction.