**In re SUMITOMO COPPER LITIGATION.**

**No. 96 CIV. 4584(MP).**

United States District Court,
S.D. New York.

Aug. 2, 2000.

the New York Mercantile Exchange Inc. by an alleged conspiracy of certain defendants herein.

## Background

On a Rule 23 motion, a Court will accept the substantive allegations in plaintiffs' complaint as true. *See Shelter Realty Corp. v. Allied Maintenance Corp.*, 574 F.2d 656, 661 n. 15 (2d Cir.1978); *In re Prudential Securities*, 163 F.R.D. 200 (S.D.N.Y.1995) ("[A]llegations" of complaint "are accepted as true for purposes of class certification."). Rules 23(a) and b(3) provide that certification is appropriate if:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

\*   \*   \*   \*   \*   \*

...(A)nd in addition: ...(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The proposed class satisfies all four requirements of Rule 23(a) and the pertinent requirements of Rule 23(b) of the Federal Rules of Civil Procedure.

## Discussion

The Second Circuit has directed district courts to apply Rule 23 according to a liberal rather than a restrictive interpretation. *See Korn v. Franchard Corp.*, 456 F.2d 1206, 1208–09 (2d Cir.1972); *Green v. Wolf Corp.*, 406 F.2d 291, 298, 301 (2d Cir.1968), *cert. denied sub nom. Troster, Singer & Co. v. Green*, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969). The Second Circuit has held "if there is to be an error made, let it be made in favor and not against the maintenance of the class action, for it is always subject to modification should later develop-

Lovell & Stewart, LLP, by Christopher Lovell and Gary Jacobson, of Counsel, New York City, Lead Counsel for Plaintiffs.

Mayer, Brown & Platt, by Steven Wolowitz and Anthony J. Diana, of Counsel, New York City, for Defendants Credit Lyonnais, S.A. and Credit Lyonnais Rouse, Limited.

Loeb & Loeb, New York City, for Defendants R.° David Campbell and Bipin Shah.

Cadwalader, Wickersham & Taft, New York City, for Defendant Global Minerals and Metals, Inc.

Katten Muchin & Zavis, Chicago, IL, for Defendant Morgan Stanley & Co., Inc.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for Defendants Sumitomo Corporation and Sumitomo Corporation of America.

Clifford Chance Rogers & Wells, New York City, for Defendants Merrill Lynch & Co., Merrill Lynch Commodity Financing Inc., Merrill Lynch Pierce Fenner & Smith, Inc., and Merrill Lynch Pierce Fenner & Smith (Brokers and Dealers) Limited.

Davis Polk & Wardwell, New York City, for Defendants J.P. Morgan & Co., Inc. and Morgan Guaranty Trust Company of New York.

## *OPINION*

MILTON POLLACK, Senior District Judge.

Plaintiffs, pursuant to Rule 23 of the Federal Rules of Civil Procedure, move for an order certifying this case as a class action. For the reasons set forth herein, the Court will certify the proposed class for the periods of June 24—September 24, 1993 and June 24, 1994—June 15, 1996. This action arises out of the alleged manipulation of prices of copper futures contracts traded on the Commodity Exchange Inc. and the Comex division of

ments during the course of the trial so require." *Green* 406 F.2d at 298 (quoting *Esplin v. Hirschi*, 402 F.2d 94, 99 (10th Cir. 1968), *cert. denied*, 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459 (1969)). As this Court has noted before, "[t]o the extent that particular [c]lass members are later found to be subject to defenses, 'a court can certify a class while reserving the right to shape the class more precisely to fit the issues of the case as those emerge during the litigation.'" *In re Sumitomo Copper Litigation*, 182 F.R.D. 85, 94–95 (S.D.N.Y.1998) (quoting *Langner v. Brown*, No. 95 Civ. 1981, 1996 WL 709757 at *4 (S.D.N.Y.1996)). "[W]hen inquiring into the typicality requirement under Rule 23(a)(3), the focus must be on the defendants' behavior and not that of plaintiffs." *In re Sumitomo*, 182 F.R.D. at 94 (quoting *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 404 (E.D.Pa.1995)). *See also Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir.1990) ("[T]he mere presence of questions unique to the class representative will not bar class certification."); *In re TCW/DW North American Government Income Trust Securities Litigation*, 941 F.Supp. 326, 342 (S.D.N.Y.1996) (Holding that unique defenses bar certification only when they threaten to become the focus of the litigation.).

■ It is well recognized that the class action method provides a means for individuals whose claims would not otherwise induce litigation to assert those claims. *See In re Sumitomo*, 182 F.R.D. at 97. *See Waters v. International Precious Metals Corp.*, 172 F.R.D. 479, 486–87 (S.D.Fla.1996) ("In cases involving securities or commodities fraud, there are frequently large numbers of investors who have relatively small stakes in the outcomes and who would be deterred from proceeding with lawsuits absent the availability of the class action." (citations omitted)). *Accord, In re Prudential*, 163 F.R.D. at 209.

■ In order to maintain a class under Rule 23(a)(1), the class must be so large that joinder of all members would be impracticable. *See In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 290 (2d Cir.1992), *cert. dismissed sub nom., Hart Holding Co.,*

*Inc. v. Drexel Burnham Lambert Group, Inc.*, 506 U.S. 1088, 113 S.Ct. 1070, 122 L.Ed.2d 497 (1993). Here, the potential class numbers at least 20,000. This number satisfies the numerosity requirements of Rule 23(a)(1).

■ Plaintiffs have also demonstrated in their moving papers the existence of common questions of law satisfying the requirements of Rule 23(a)(2). *See In re Prudential Securities Litigation*, 163 F.R.D. 200, 206 n. 8 (S.D.N.Y.1995) (stating that the requirement of common questions is a "low hurdle"). Furthermore, the named plaintiffs' claims satisfy the typicality requirements of Rule 23(a)(3). Plaintiffs have demonstrated in their moving papers that the claims of each plaintiff arise from the same course of conduct and involve the same legal claims and same issues under RICO and New York common law as do all the proposed class members' claims. *See In re Sumitomo Copper Litigation*, 182 F.R.D. 85, 94–95 (S.D.N.Y. 1998) ("Rule 23(a)(3) is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.") (quoting *In re Drexel*, 960 F.2d at 291). Plaintiffs allege that the same course of events—the same manipulation of market prices, the same continuing omissions to disclose material facts, and the same concealment efforts—is at issue throughout the Class Period. Rather than viewing the actions or inactions of the defendants as isolated or discrete instances, this Court views them as a pattern that commonly affects all of the proposed class members that provides sufficient typicality considering this Circuit's flexible construction of Rule 23. *Cf. Schenek v. FSI Futures Inc., et al.*, 1998 WL 427625 at *4–*5 (S.D.N.Y.1998).

In the context of a Rule 23 motion, plaintiffs' allegations that the defendants engaged in acts of fraudulent concealment and fraud on the market are required to be accepted as true. Plaintiffs' classwide allegations of fraudulent concealment, if proved, will suffice to toll the running of the limitations period. Furthermore, whether defendants have fraudulently concealed an alleged conspiracy to impact prices is a classwide issue that

simply presents one more common matter as to which all members of the class will seek to introduce the same proof of bad acts by which the defendants concealed the conspiracy or their role therein. *See In re NASDAQ Market–Makers Antitrust Litigation*, 169 F.R.D. 493, 515 (S.D.N.Y.1996); *Town of New Castle v. Yonkers Contracting Co.*, 131 F.R.D. 38, 42–43 (S.D.N.Y.1990). This Court has previously noted defendants' extraordinary burden in proving plaintiffs' constructive knowledge and inquiry notice so as to defeat plaintiffs' claims of fraudulent concealment before allowing such claims to reach the trier of fact. *In re Prudential Securities Inc., Ltd. Partnerships Litigation*, 930 F.Supp. 68, 76 (S.D.N.Y.1996). Defendants have not met this burden at this time and the question of whether a reasonable investor would have been put on notice of the alleged fraud on the market remains an issue for the trier of fact.

■ Plaintiffs' moving papers also suffice the adequacy requirement under Rule 23(a)(4), which requires that "the representative parties will fairly and adequately protect the interests of the class." Here, the named plaintiffs' interests do not conflict with the interests of class members, as discussed above. "[I]t is well settled in this Circuit that factual differences in the amount of damages, date, size or manner of purchase, the type of purchaser, the presence of both purchasers and sellers, and other such concerns will not defeat class action certification when plaintiffs allege that the same unlawful course of conduct affected all members of the proposed class." *In re Sumitomo Copper Litigation*, 182 F.R.D. 85, 92–93 (S.D.N.Y. 1998).

■ This Court has previously held that the predominance requirement under Rule 23(b) was satisfied where "a single, continuous conspiratorial artifice is alleged" and where "[e]very plaintiff and every class member will have to engage in the same extensive international discovery and develop the same detailed proof to demonstrate a violation of the CEA and RICO." *Id.* at 93–94. All members of the Class have the same interest to prove that there was a conspiracy, that there

was a fraud on the market, and that it did impact prices artificially.

Plaintiffs, on the motion for Class Certification, adequately meet the claimed deficiencies pointed out by Credit Lyonnais pertaining to the requirements under Rule 23 Federal Rules of Civil Procedure. The only requirement of Rule 23 as to which the Credit Lyonnais defendants raise an arguable question is the matter of manageability. Plaintiffs are satisfied that as the evidence is adduced that matter will not be a serious obstacle.

To cut down the period of the problem posed, the plaintiffs have offered to pare down the proposed Class period by limiting it to the previously certified Class, viz; June 24, 1994—June 15, 1996, by adding only a portion of the earlier suggested third year of June 24—September 24, 1993 when allegedly Credit Lyonnais engaged in its most intensive and intense participation in the alleged wrong doing. Since such a non-continuous Class period has been sanctioned in a prior case, and apparently not found inappropriate at least once heretofore, *Rodriguez v. Carlson*, 166 F.R.D. 465, 469 (E.D.Wa.1996), this Court in the interests of avoiding any further time period that might add a question of manageability raised by Credit Lyonnais, the suggestion of plaintiffs will be adopted and the Class period to be certified will utilize the short extension of the previously certified period accordingly (June 24—September 24, 1993) plus the two year period from June 24, 1994—June 15, 1996. On the basis of the present submission and until facts adduced indicate otherwise, that limitation should not pose manageability concerns. The Court always retains the power to modify any certification period if events indicate such need therefor.

An Order certifying the Class period accordingly should be submitted.