**John L. LIVINGSTON and Westland Marketing, Inc., Plaintiffs–Appellants,**

v.

**U.S. BANK, N.A., Defendant–Appellee.**

No. 01CA0605.

Colorado Court of Appeals, Div. A.

May 9, 2002.

Certiorari Denied Dec. 16, 2002.

Dyer & Shuman, LLP, Kip B. Shuman, John M. Martin, Jeffrey A. Berens, Denver, Colorado, for Plaintiffs–Appellants.

Dorsey & Whitney, LLP, Tucker K. Trautman, R. Stephen Hall, Sandra L. Potter, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge STERNBERG.[1]

Plaintiffs, John L. Livingston and Westland Marketing, Inc., appeal the order denying class certification of their action against defendant, U.S. Bank, N.A. We affirm.

In 1999, an employee of defendant, whose responsibility included generating new business, purchased a database of names, addresses, and facsimile (fax) numbers for approximately 8000 people and businesses in the Denver metropolitan area. In March 1999, defendant contracted with a third party, Absolute Communications Solutions, Inc. (ACS), to send a fax advertisement to approximately 1500 people. Acting on behalf of defendant, in May 1999, ACS sent an additional 1400 fax advertisements, and in January 2000, ACS sent more than 2300 fax advertisements to various people and organizations, including plaintiffs.

Plaintiffs then brought this action asserting claims under the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, which prohibits the transmission of unsolicited fax advertisements. Plaintiffs sought class certification of the action pursuant to C.R.C.P. 23.

The trial court denied plaintiffs' request for certification for two reasons: The class was not properly identified, and, even if it was, individual issues would predominate over common issues. Upon plaintiffs' motion, the court certified its order as final under C.R.C.P. 54(b). *See Levine v. Empire Savings & Loan Ass'n,* 192 Colo. 188, 557 P.2d 386 (1976)(order denying class certification is appealable).

Plaintiffs appeal, contending that the trial court erred in denying class certification. We do not agree.

---

1. Sitting by assignment of the Chief Justice under the provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2001.

C.R.C.P. 23(a) lists four requirements that plaintiffs must satisfy before a class may be certified: (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy of representation").

In addition, plaintiffs must also satisfy at least one of the requirements listed in C.R.C.P. 23(b). In this action, plaintiffs sought certification under C.R.C.P. 23(b)(3), which requires that (1) questions of law or fact common to the members of the class predominate over any questions affecting only individual members ("predominance"), and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy ("superiority").

■ The burden of establishing the requirements for class certification is on the party seeking it, here plaintiffs. *Villa Sierra Condo. Ass'n v. Field Corp.*, 787 P.2d 661 (Colo.App.1990). A trial court's determination whether an action should be accorded class treatment may not be set aside unless it constitutes clear error. *Ammons v. Am. Family Mut. Ins. Co.*, 897 P.2d 860 (Colo. App.1995).

■ The purpose of the TCPA is to "protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile (fax) machines and automatic dialers." *Int'l Sci. & Tech. Inst., Inc. v. Inacom Communications, Inc.*, 106 F.3d 1146, 1150 (4th Cir.1997)(quoting S. Rep. No. 102–178, at 1 (1991)). It prohibits, inter alia, the use of "any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which

is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227(a)(4).

The TCPA creates a private right of action for violations of its provisions and provides that for each violation, a person is entitled to the greater of the actual damages or $500 in statutory damages. 47 U.S.C. § 227(b)(3)(B); *Foxhall Realty Law Offices v. Telecomms. Premium Servs.*, 975 F.Supp. 329 (S.D.N.Y.1997), *aff'd*, 156 F.3d 432 (2d Cir.1998).

■ Here, plaintiffs sought certification of their claims and defined the class as follows: "All persons who received U.S. Bank facsimile advertisements sent on U.S. Bank's behalf by ACS, who did not, prior to receiving the facsimile advertisements, contact U.S. Bank or ACS to request that they be added to the facsimile advertisement recipient database."

The trial court found that plaintiffs' definition of the class subsumed the very legal and factual issue that would be at the heart of the merits of the case, that is, whether the advertisements were unsolicited within the meaning of the TCPA. Accordingly, the court found that the definition failed to identify the class properly.

The court further concluded that even if the definitional problem could be corrected, plaintiffs did not satisfy the predominance requirement of C.R.C.P. 23(b)(3). The court found that the question whether any particular fax recipient gave "prior express invitation or permission" would have to be decided on an individual basis and therefore would overwhelm, let alone predominate over, the common issues. The court determined that individual inquiries into the facts and circumstances of each recipient's invitation and permission would have to be made.

The trial court's determination finds support in two federal cases that have considered whether class certification was appropriate for TCPA claims involving allegedly unsolicited facsimile advertisements. *See Kenro, Inc. v. Fax Daily, Inc.*, 962 F.Supp. 1162 (S.D.Ind.1997); *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 403 (E.D.Pa.1995).

In both *Kenro* and *Forman,* the courts denied class certification because the suits would require inquiry into whether the transmitted advertisements were unsolicited. The court in *Kenro* noted that it would be required "to conduct individual inquiries with regard to each potential class member in order to determine whether each potential class member had invited or given permission for transmission of the challenged fax advertisements." *Kenro, supra,* 962 F.Supp. at 1169. Similarly, in *Forman,* the court held that individual questions predominated over common ones. The court noted that "the essential question of fact that each potential plaintiff must prove is whether a specific transmission to its machine was without express invitation or permission on its part." *Forman, supra,* 164 F.R.D. at 404. *But see Hooters of Augusta, Inc. v. Nicholson,* 245 Ga.App. 363, 537 S.E.2d 468 (2000)(summarily upholding trial court's class certification in a TCPA claim involving unsolicited fax advertisements).

■ Because C.R.C.P. 23 is virtually identical to Fed.R.Civ.P. 23, cases interpreting the federal rule are persuasive authority regarding the Colorado rule. *State v. Buckley Powder Co.,* 945 P.2d 841 (Colo.1997). Hence, we follow the reasoning of *Kenro* and *Forman.*

Here, the trial court observed that determination whether a recipient had given "prior express invitation or permission" involves an inquiry at the class-member level. Because the TCPA does not require consent to be given in writing, and it may be given orally, determination of this issue would involve examining whether each potential class member had invited or given permission for the transmission of the fax. Thus, as the trial court noted, the absence of written documents in defendant's files would not establish the issue of consent.

Therefore, because individual issues predominated over common issues, the court did not err in denying class certification. *See Ammons v. Am. Family Mut. Ins. Co., supra.*

In light of our determination, we need not address plaintiffs' contention that the trial

court erred in its alternative holding that they failed to identify the class properly.

The order is affirmed.

Judge DAILEY and Judge CRISWELL concur.