OPINION OF THE COURT
Memorandum.
Order unanimously modified so as to delete the provision imposing costs upon plaintiffs counsel; as so modified, affirmed without costs.
In this action pursuant to the Telephone Consumer Protection Act of 1991 (47 USC § 227 [TCPA]), plaintiff, a law firm, alleged that defendant had sent it an unsolicited commercial advertising fax transmission in violation of the TCPA (47 USC § 227 [b]). Subsequently, plaintiff moved for summary judgment upon its complaint and was awarded damages of $500 (orders of Bernadette Bayne, J., entered Feb. 28, 2002 and Oct. 1, 2002). Plaintiff then moved pursuant to CPLR 5015 (a) to vacate the judgment in its favor and for leave to amend the complaint to assert a class action based upon the TCPA, or, in the alternative, to dismiss the action without prejudice pursuant to CPLR 3217 (b) so that it could recommence the action as a class action. The court denied the motion and imposed $500 in what it termed “costs” against plaintiffs counsel, payable to defendant’s attorney.
The court below properly denied plaintiffs motion to vacate and for certification of a plaintiff class. However, there was no need to reach the constitutional issues raised by the motion, as plaintiff, moving to vacate the judgment pursuant to CPLR 5015, failed to show acceptable excuse for failing to assert this cause of action prior to the entry of judgment, or that the putative class action had merit (see generally Putney v Pearlman, 203 AD2d 333 [1994]; Bardales v Blades, 191 AD2d 667, 668 [1993]). While plaintiff cited the ground of “excusable default” for its motion, it failed to discuss what, beyond failing to think of bringing the suit as a class action in the first instance, its excusable default might have been.
Moreover, the proposed cause of action lacks merit in that the language of the TCPA (47 USC § 227), in combination with the *22 provisions of CPLR 901 (b), makes it clear that no TCPA class action is available in the New York State courts. There was therefore no need for the court to reach the constitutional Supremacy Clause and “reverse Erie” issues plaintiff raises. As discussed below, the TCPA itself cedes authority to accept, decline, and otherwise define jurisdiction over private TCPA actions, including the proposed class action herein, to the states.
As plaintiff notes, the TCPA does not specifically authorize class actions, as CPLR 901 (b) would require given the TCPA’s statutory penalties, although a class action would be permissible, were a federal forum available, pursuant to Federal Rules of Civil Procedure rule 23 (see Califano v Yamasaki, 442 US 682, 699-700 [1979]). The TCPA’s protections are intended to be enforceable by private plaintiffs in appropriate state forums “if otherwise permitted by the laws or rules of court of a State” (47 USC § 227 [b] [3]). This formulation has been consistently interpreted to mean that a private action pursuant to the TCPA may be brought solely in the courts of the states “subject to their consent” (International Science & Tech. Inst, v Inacom Communications, 106 F3d 1146, 1150 [4th Cir 1997]); simply put, “states may refuse to exercise the jurisdiction authorized by the statute ... [A] state could decide to prevent its courts from hearing private actions to enforce the TCPA’s substantive rights” (id. at 1156). This does not operate to deprive the state’s citizens of the TCPA’s protections; it merely confines the realm of enforcement to the state itself, which may bring an enforcement action in federal court, or to federal authorities, which may also sue offending entities in federal court (id.; 47 USC § 227 [f]). States may also limit the forms of relief available in certain courts to private plaintiffs. For example, this court recently held that injunctive relief, for which the TCPA provides, is not available in New York City Civil Court (Rudgayzer & Gratt v Enine, Inc., 4 Misc 3d 4 [App Term, 2d & 11th Jud Dists 2004]; see generally CCA art 2).
CPLR 901 (b) bars a class action to recover a statutory penalty, such as that provided for by the TCPA, unless the statute providing for the penalty specifically authorizes such a class action. Contrary to plaintiff’s contention, this provision does not purport to automatically bar all class actions predicated upon federal causes of action in state court; it affects only those carrying a statutory penalty, such as the TCPA. Whether this provision is constitutional in general or as applied to this matter pursuant to the Supremacy Clause is a question that need *23 not be reached, as the TCPA specifically provides that state law will determine whether a cause of action lies in any given state and what types of actions are permissible. As the Court of Appeals for the Fourth Circuit explained:
“We believe that it is readily apparent from the congressional findings contained in the TCPA itself that Congress considered the effect that a newly created private right of action would have on judicial administration. Specifically finding that 18 million telemarketing calls are made daily . . . Congress understandably avoided opening federal courts to the millions of potential TCPA claims by authorizing private actions only in state courts, presumably in the small claims courts. Similarly concerned over the potential impact of private actions on the administration of state courts, Congress included a provision to allow the states to prohibit private TCPA actions in their courts. We have no doubt that Congress has a legitimate interest in not overburdening state and federal courts. Nor can it be doubted that Congress has a legitimate interest in respecting the states’ judgments about when their courts are overburdened” (International Science & Tech. Inst., 106 F3d at 1157).
Cases cited by plaintiff are not to the contrary. Most prominent among these is Vickers v Home Fed. Sav. & Loan Assn. (56 AD2d 62 [1977]) in which the Appellate Division, contrary to plaintiffs contention, explicitly refused to reach the question of whether CPLR 901 (b) was unconstitutional pursuant to the Supremacy Clause, holding instead that the federal statute in question specifically authorized class actions within the meaning of CPLR 901 (b).
Nor does federal case law, holding that class actions pursuant to Federal Rules of Civil Procedure rule 23 are permitted pursuant to any federal statute that gives rise to a civil cause of action unless the statute expressly forbids them (see Califano v Yamasaki, 442 US at 699-700), alter this result. While various state courts have held that they may entertain TCPA class actions on this basis (see e.g. ESI Ergonomic Solutions, LLC v United Artists Theatre Circuit, Inc., 203 Ariz 94, 50 P3d 844 [2002]), the class action statutes in these states either mirror the federal rule and the courts involved view federal case law construing the federal rule as authoritative (see id. at 98 n 2, 50 P3d at 848 n 2; see also Livingston v U.S. Bank, N.A., 58 P3d *24 1088, 1091 [Ct App Colo 2002]), or the courts determine that the TCPA permits class actions and further decide, on a pure state law basis, that the class action is an appropriate and permissible procedure in the particular state context (see Kaufman v ACS Sys., Inc., 110 Cal App 4th 886, 924-925 [2003]). The New York class action statute does not mirror the federal rule (see Siegel, NY Prac § 141, at 233 [3d ed]), and as discussed above, because the TCPA cedes jurisdictional authority over private causes of actions to the states, and CPLR 901 (b) prohibits class actions for statutory penalties unless the statute specifically provides for such actions, the present proposed TCPA class action is not permissible in the New York courts.
The court’s award of $500 to defendant’s counsel, payable by plaintiffs counsel, was in the nature of a sanction pursuant to Rules of Chief Administrator of Courts (22 NYCRR) § 130-1.1, since costs on a motion in Civil Court are otherwise limited to $50 and are not imposed upon an attorney (CCA 1906). The court below erred in awarding sanctions to defendant. The circumstances of this case, annoying as they may be, do not warrant sanctions; nor were they properly requested (see Intercontinental Credit Corp. v Roth, 78 NY2d 306, 308 [1991]; Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y. v 198 Broadway, 76 NY2d 411, 413 n [1990]; Matter of Gordon v Marrone, 202 AD2d 104 [1994]).
Given the above disposition, the remainder of plaintiffs contentions need not be reached.
Pesce, P.J., Aronin and Patterson, JJ., concur.