| Diamond v Cooperman |
|---|
| **Diamond v Cooperman** |
| 2024 NY Slip Op 30414(U) |
| February 6, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157639/2023 |
| Judge: Kathleen Waterman-Marshall |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. KATHLEEN WATERMAN-MARSHALL**        PART        09M

*Justice*

-------------------------------------------------------------------------------X

MICHAEL DIAMOND

                                 Petitioner,

                  - v -

DAVID A. COOPERMAN,

                                Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157639/2023 |
| MOTION DATE | 11/09/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 12, 13, 14, 15, 16, 17, 18

were read on this motion to/for                         CONTEMPT              .

Upon the foregoing documents, the motion by Petitioner Michael Diamond ("Mr. Diamond") for an order finding Respondent David A. Cooperman, M.D. ("Dr. Cooperman") in contempt of the Decision and Order dated August 31, 2023 (Edwards, J.), which granted Mr. Diamond's petition, pursuant to, *inter alia*, Public Health Law §18 (2), for pre-action disclosure of his medical records ("the August 31, 2023 Order"), and awarding Mr. Diamond a fine and attorney's fees, is granted in part.

The facts and law are simple, clear and warrant a finding of contempt. Dr. Cooperman, a practicing psychiatrist, treated Mr. Diamond for Asperger's Syndrome from 2011 to 2022. On multiple occasions, Mr. Diamond requested that Dr. Cooperman provide him with a copy of his medical records. Dr. Cooperman failed to respond to the requests and Mr. Diamond commenced the instant proceeding for pre-action disclosure. The August 31, 2023 Order granted the petition and directed Dr. Cooperman to produce to Mr. Diamond a certified, page numbered, copy of his complete office records regarding Mr. Diamond's treatment for the period from 2011 to 2022, within thirty (30) days of service of the August 31, 2023 Order with notice of entry, and a HIPAA compliant authorization executed by Mr. Diamond.

Mr. Diamond complied with the August 31, 2023 Order. On September 26, 2023, he served the Order with notice of entry, and a HIPAA compliant authorization upon Dr. Cooperman at his last known address. To date, however, Dr. Cooperman has failed to provide Mr. Diamond with his medical records and has otherwise failed to communicate with Mr. Diamond or his attorney.

This motion for contempt ensued. The court signed the Order to Show Cause on November 10, 2023, and the process server personally served Dr. Cooperman with the Order to Show Cause and supporting papers on November 16, 2023. Dr. Cooperman defaulted in

157639/2023   DIAMOND, MICHAEL vs. COOPERMAN MD., DAVID A.          Page 1 of 4
Motion No.  002

1 of 4

[* 1]

opposing this contempt motion, and while this Court is empowered to grant the relief sought by Mr. Diamond on that basis alone, the Court reaches the merits in granting the motion.

Judiciary Law § 753 (A) empowers the court to "punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action . . . pending in the court may be defeated, impaired, impeded, or prejudiced, in a case." Civil contempt is available where "a party to the action" is guilty of "disobedience to a lawful mandate of the court" (*see* Judiciary Law § 753 [A][3]). The aim of civil contempt is "the vindication of a private right of a party to litigation and any penalty imposed upon the contemnor is designed to compensate the injured private party for the loss of or interference with that right" (*McCormick v Axelrod*, 59 NY2d 574, 582-583 [1983]).

In order for the court to find civil contempt: (1) a lawful order of the court, which "clearly express[es] an unequivocal mandate," must be in effect; (2) the party sought to be held in contempt "must have had knowledge of the court's order"; (3) the alleged contemnor must have disobeyed the order; and (4) violation of the order must have resulted in prejudice to the right of a party to the litigation (*McCormick*, 59 NY2d at 583 [civil contempt found where nursing home transferred residents in violation of court order that expressed "clear mandate" staying all steps to involuntarily discharge residents pending appeal]; *El-Dehdan v El-Dehdan*, 114 AD3d 4, 16-17 [2d Dept 2013]). "A motion to punish a party for civil contempt is addressed to the sound discretion of the court, and the movant bears the burden of proving the contempt by clear and convincing evidence" (*El-Dehdan*, 114 AD3d at 10). A hearing is not necessary where, as here, the movant makes their *prima facie* showing which the contemnor fails to refute (*see Doors v Greenberg*, 151 AD2d 550 [2d Dept 1989] [where record unequivocally shows party disobeyed orders, hearing unnecessary prior to finding contempt]).

The instant record clearly and convincingly demonstrates that Dr. Cooperman disobeyed a lawful mandate of the court warranting a finding of contempt (*El-Dehdan,* 114 AD3d 4). First, the August 31, 2023 Order is a lawful and valid order which has been in effect, and which clearly expresses an unequivocal mandate that Dr. Cooperman produce to Mr. Diamond a certified, page numbered copy of his complete office records regarding Mr. Diamond's treatment for the period from 2011 to 2022, within thirty (30) days of service of the Order with notice of entry and a HIPAA compliant authorization. Second, Dr. Cooperman had notice of the August 31, 2023 Order and each of its terms: Mr. Diamond served the Order with notice of entry and the required HIPAA authorization upon Dr. Cooperman at his last known address (CPLR 2103 [c]). Third, it is without question that, as Mr. Diamond clearly and convincingly established, Dr. Cooperman disobeyed the August 31, 2023 Order: to date, Dr. Cooperman has not provided Mr. Diamond with a single page of medical records and has, in effect, ignored court order to do so. Dr. Cooperman defaulted in opposing this motion despite having been personally served with the Order to Show Cause and supporting papers, including another copy of the subject Order.

Dr. Cooperman's actions were calculated to and did defeat, impair, impede, and prejudice Mr. Diamond's rights to his medical records set forth in, and required by, the August 31, 2023 Order (*see Doors,* 151 AD2d at 551 ["In order to sustain a finding of civil contempt, it is not necessary that the disobedience be deliberate or willful; rather, the mere act of disobedience, regardless of its motive, is sufficient if such disobedience defeats, impairs, impedes or prejudices

157639/2023   DIAMOND, MICHAEL vs. COOPERMAN MD., DAVID A.                    Page 2 of 4
Motion No.  002

2 of 4

the rights of a party."]). Accordingly, this Court finds that Dr. Cooperman has willfully violated, and is in contempt of, the August 31, 2023 Order (*see McCormick*, 59 NY2d 574; *El-Dehdan*, 114 AD3d 4; *Doors,* 151 AD2d 550).

The Court further finds that Mr. Diamond is entitled to a fine in the form of costs and expenses consisting of reasonable counsel fees for work performed in bringing this Order to Show Cause, plus a $250 fine, as Dr. Cooperman's conduct in violation of the August 31, 2023 Order caused these costs and expenses to be incurred (Judiciary Law 773 ["Where it is not shown that such an actual loss or injury has been caused, a fine may be imposed, not exceeding the amount of the complainant's costs and expenses, and two hundred and fifty dollars in addition thereto"]; *Gonnard v Guido*, 141 AD3d 649, 650 [2nd Dept 2016] ["Judiciary Law §773 permits recovery of attorney's fees from the offending party by a party aggrieved by contemptuous conduct (citations omitted). The intent of Judiciary Law § 773 is to indemnify the aggrieved party for costs and expenses incurred as a result of the contempt (citations omitted). Attorney's fees that are documented and directly related to the contemptuous conduct are generally recoverable unless they are proven excessive or reduced by the court in a reasoned decision."]; *Gordon v Janover*, 121 AD2d 599, 600–01 [2nd Dept 1986] ["The court may, in an action to punish for civil contempt, where, as here, no actual damage has been demonstrated, impose upon the offending party the other party's reasonable costs and expenses, including attorney's fees."]). As Mr. Diamond's moving papers did not include redacted legal bills or an attorney affirmation itemizing the time spent and charges incurred in making this motion, the Court cannot determine whether the $10,000 in attorney's fees requested is reasonable. Consequently, counsel may submit an affirmation of legal services with redacted legal bills establishing the amount of attorney's fees incurred on this motion, upon which the Court will issue a separate order awarding the attorney's fees plus the $250 fine.

Accordingly, it is hereby

**ORDERED** that Mr. Diamond's motion for an order holding Dr. Cooperman in contempt of the August 23, 2023 Decision and Order, is granted; and it is further

**ORDERED** that Mr. Diamond established that the August 31, 2023 Decision and Order is a lawful order of the court expressing an unequivocal mandate which has been and remains in full force and effect, that Dr. Cooperman disobeyed the August 31, 2023 Decision and Order, that Dr. Cooperman had knowledge of the August 31, 2023 Decision and Order, and that his failure to produce to Mr. Diamond the medical record required thereunder has prejudiced Mr. Diamond's rights; and it is further

**ORDERED** that Dr. Cooperman failed to present any competent evidence establishing a defense to his willful non-compliance with the August 31, 2023 Decision and Order and failed to submit any proof of some other obstacle to his compliance, or tending to raise a question of fact on such defenses; and it is further

**ORDERED** that Mr. Diamond is entitled to an award of attorney's fees incurred on this contempt motion, plus a fine in the sum of $250. Within fourteen (14) days of the date hereof, counsel for Mr. Diamond may submit to this Court via NYSCEF an affirmation of legal services

157639/2023   DIAMOND, MICHAEL vs. COOPERMAN MD., DAVID A.
Motion No.  002

Page 3 of 4

with redacted legal bills establishing the amount of attorney's fees incurred on this motion, upon which the Court will issue a separate order awarding Mr. Diamond reasonable attorney's fees, plus a $250 fine, to be paid by Dr. Cooperman.

_2/6/2024_
**DATE**

**KATHLEEN WATERMAN-MARSHALL, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157639/2023   DIAMOND, MICHAEL vs. COOPERMAN MD., DAVID A.** Page 4 of 4
**Motion No.  002**