**Darryl D. FORMAN**

v.

**DATA TRANSFER, INC.**

**Civil Action No. 95–3474.**

United States District Court,
E.D. Pennsylvania.

Oct. 4, 1995.

Deborah R. Gross, Law Offices of Bernard M. Gross, P.C., Philadelphia, PA, for Plaintiff.

Ronni Ellen Fuchs, Dechert, Price & Rhoads, Philadelphia, PA, Robert N. Webner, Vonys, Saten, Seymour and Pease, Columbus, OH, for Defendant.

## MEMORANDUM

GILES, District Judge.

Plaintiff brings this action, individually and on behalf of all others similarly situated, against Data Transfer, under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227(b)(1)(C). He alleges that, on repeated occasions, Data Transfer sent unsolicited advertisements by facsimile machine in violation of the statute. Plaintiff moves for class certification. That motion is opposed. For the reasons which follow, the motion is denied.

## BACKGROUND

The Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227(b)(1)(C), prohibits any person within the United States "to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." The statute defines an unsolicited advertisement as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227(a)(4).

Plaintiff maintains and operates a facsimile machine. The substance of the complaint is that defendant has sent unsolicited advertisements to plaintiff and the purported class on repeated occasions in direct violation of the statute. Plaintiff seeks to enjoin defendant from sending any further unsolicited advertisements as well as monetary damages as provided under the statute.[1]

The purported class consists of "all residents and businesses who have received unsolicited facsimile advertisements since January 1, 1992 from Data Transfer, Inc."[2]

---

1. The statute allows an action for actual monetary loss occasioned by the violation or $500 in damages for each violation, whichever is greater. There is also a provision for treble damages where a defendant is proven to have acted willfully or knowingly. 47 U.S.C. § 227(b)(3).

2. The class definition is flawed in that it purports to assert claims dating from January 1, 1992. The Telephone Consumer Protection Act of 1991 did not become effective until December 20, 1992, almost one year later. *See* Pub.L. No. 102–243, § 3(c)(2), 105 Stat. 2394 (1991). Therefore,

Courts may approve class actions only after a rigorous analysis and findings that the class satisfies all the requirements of Rule 23. *See In re General Motors Corp. Pick–Up Truck Fuel Tank*, 55 F.3d 768, 800 (3rd Cir.1995). When seeking class certification, the plaintiff bears the burden of proving that the action satisfies all four threshold requirements of Rule 23(a) and falls within one of the categories of Rule 23(b). *Baby Neal v. Casey*, 43 F.3d 48 (3d Cir.1994) (citing *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239 (3d Cir.), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975)).

Rule 23(a) provides:

(a) *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition, the purported class must comply with one of the parts of subsection (b). Plaintiff seeks certification pursuant to Rule 23(b)(3) which requires that "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

### ANALYSIS

Under Rule 23(a)(1) the purported class must be so numerous that joinder is impractical. Although no magic number exists as to the numerosity requirement, at a minimum, plaintiff must "define the class in a way that enables the court to determine whether a particular individual is a class member." *Safran v. United Steelworkers of America*, 132 F.R.D. 397, 400–01 (W.D.Pa. 1989). However, plaintiff faces a unique problem because the proposed class definition flies directly in the face of a basic tenet of class certification: a court may not inquire into the merits of the case at the class certification stage. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78, 94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732 (1974).

Here, defining the purported class as "all residents and businesses who have received *unsolicited facsimile advertisements*" requires addressing the central issue of liability to be decided in the case. Determining a membership in the class would essentially require a mini-hearing on the merits of each case. *See Hagen v. Winnemucca*, 108 F.R.D. 61, 63 (D.Nev.1985) (holding class certification improper when it would require the court "to determine whether a person's constitutional rights had actually been violated in order to determine whether that person was a class member"); *Dunn v. Midwest Buslines, Inc.*, 94 F.R.D. 170, 171–72 (E.D.Ark.1982) (holding class certification improper in a Title VII action where certification required "a finding of discrimination in order to define the class"). The proposed class definition is untenable.

In order to satisfy Rule 23(a)(2), there must be at least one common question of law or fact among all the class members. *Baby Neal, supra*, 43 F.3d at 56. This is generally not an exacting standard, and if the plaintiff can show that there is a common nucleus of operative facts, the plaintiff will have met his burden as to commonality. *Gavron v. Blinder Robinson Co.*, 115 F.R.D. 318, 322 (E.D.Pa.1987). Here, plaintiff asserts three common questions of fact: (1) whether Data Transfer sent unsolicited advertisements via facsimile machines; (2) whether Data Transfer acted knowingly and willfully; and (3) whether the class members have sustained damages. (Pl.'s Mem. In Supp. of Class Cert. at 7–8). Nevertheless, courts have been unwilling to find commonality where the resolution of "common issues" depends on factual determinations that will be different for each class plaintiff. *See, e.g.,*

the court will assume that plaintiff intended the class period to commence on December 20, 1992.

*Liberty Lincoln Mercury v. Ford Marketing,* 149 F.R.D. 65, 76 (D.N.J.1993) (denying class certification given the individual proof necessary to establish liability); *Coca–Cola Bottling Co. v. Coca–Cola Co.,* 95 F.R.D. 168, 178 (D.Del.1982) (denying certification where liability is based on individual contract questions under as many as thirty-two different states' laws).

■ An examination of this general claim shows that there is no common nucleus of operative facts present for the entire class. Plaintiff has mischaracterized the basis of liability as arising from defendant's mere *use* of the facsimile machine to send advertisements. (Pl.'s Reply Brief In Supp. of Class Cert. at 4.) Under the language of the statute, however, liability arises only if a transmitted advertisement is *unsolicited.* Furthermore, each unsolicited transmission is a separate violation. *See* 47 U.S.C. §§ 227(a) and (b). Thus, the essential question of fact that each potential plaintiff must prove is whether a specific transmission to its machine was without express invitation or permission on its part. Plaintiff's proposed "common" questions are inherently individualized, requiring inquiry into the particular circumstances of each transmission. The transmissions to each plaintiff would necessarily occur in different places, at different times and under differing circumstances. Given the individual proof necessary to establish liability, the commonality requirement cannot be met.

■ When inquiring into the typicality requirement under Rule 23(a)(3), the focus must be on the defendants' behavior and not that of the plaintiffs. The requirement will be deemed met if the claims arise from the same event or course of conduct and are based on the same legal theory. *Baby Neal, supra,* 43 F.3d at 58. *See also In re Scott Paper Co. Securities Litigation,* 142 F.R.D. 611, 615 (E.D.Pa.1992). Although plaintiff relies on the same legal theory as the purported class, namely 47 U.S.C. § 227, as discussed with regard to the commonality question, his claims do not arise from the same event or course of conduct that gives rise to the claims of the class members. Proof of plaintiff's claims would not necessarily prove all the proposed class members' claims. Thus, plaintiff's claims are not typical of the class. *See Liberty Lincoln, supra,* 149 F.R.D. at 77, *Coca–Cola, supra,* 95 F.R.D. at 178.

■ Even if plaintiff could meet the commonality and typicality requirements, he could not carry the higher burden of Fed. R.Civ.P. 23(b)(3). Rule 23(b)(3) requires that common questions *predominate* over individual ones, and that "a class action is *superior* to other available methods for the fair and efficient adjudication of the controversy." In determining whether common questions of law and fact predominate, the focus of the inquiry is directed primarily toward the issue of liability. *Bogosian v. Gulf Oil Corp.,* 561 F.2d 434, 456 (3d Cir.1977), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978); *Moskowitz v. Lopp,* 128 F.R.D. 624, 636 (E.D.Pa.1989). The gravamen of plaintiff's complaint is not a common course of conduct by the defendant, but rather a series of individual transmissions under individual circumstances, each of which is an alleged violation of the statute. Lacking a single set of operative facts, it is difficult to see how common questions, if any, predominate.

■ Class actions are a superior method of adjudication where a large number of plaintiffs may have been injured, but not to an extent to induce the instigation of individual litigation. *See Green v. Wolf Corp.,* 406 F.2d 291, 296 (2d Cir.1968).

■ The statute provides for a *minimum* recovery of $500 for each violation as well as treble damages if the plaintiff can prove willful or knowing violation. 47 U.S.C. § 227(b)(3). This most likely exceeds any actual monetary loss in paper, ink or lost facsimile time suffered by most plaintiffs in such a case.[3] The statutory remedy is designed to provide adequate incentive for an individual plaintiff to bring suit on his own behalf.

---

**3.** Plaintiff concedes that the actual damages each individual class member might recover is probably very small. (Complaint at 4; Pl.'s Mem. In Support of Class Cert. at 15.)

A class action in this case would not avoid duplicative lawsuits with potentially inconsistent results where, as here, liability is determined by facts that are individual as to each plaintiff. *Cf. Grossman v. First Pennsylvania,* 1991 WL 222071, 1991 U.S. Dist. LEXIS 15373, at *23 (E.D.Pa. Oct. 23, 1991) (noting the superiority of class actions in securities fraud cases where separate trials would involve proof of the same misstatements); *Sterling v. Velsicol Chemical Corp.,* 855 F.2d 1188, 1197 (6th Cir.1988) (holding that "where defendant's liability can be determined on a class-wide basis," a class action will avoid "duplication ... and inconsistent results with similar, if not identical, facts").

A class action would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements. *See Ratner v. Chemical Bank New York Trust Co.,* 54 F.R.D. 412, 416 (S.D.N.Y.1972) (denying class certification where the Truth in Lending Act's minimum award of $100 each for some 130,000 class members would be a "horrendous, possibly annihilating punishment, unrelated to any damage to the purported class or to any benefit to defendant").

### CONCLUSION

Because plaintiff cannot meet the requirements of Fed.R.Civ.P. 23, the motion for class certification is DENIED.

An appropriate order follows.

### ORDER

AND NOW, this 3rd day of October, 1995, upon consideration of plaintiff's motion for class certification, it is hereby ORDERED that the motion is DENIED.