■ AHARON WEBER et al., Appellants, v RAINBOW SOFTWARE, INC., Respondent. [799 NYS2d 428]—In a purported class action, inter alia, to recover damages for violation of the Telephone Consumer Protection Act (47 USC § 227), the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated November 18, 2003, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the class action allegations of the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

For the reasons set forth in *Rudgayzer & Gratt v Cape Canaveral Tour and Travel* (22 AD3d 148 [2005] [decided herewith]), no class action may be maintained pursuant to CPLR 901 (b). Schmidt, J.P., Mastro, Rivera and Skelos, JJ., concur.

■ GERALD J. WEINBERGER, Appellant, v BJORN J. HOLUBAR, Respondent. [799 NYS2d 428]—In an action to recover damages for defamation, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated June 25, 2004, as denied his motion pursuant to CPLR 3215 for leave to enter judgment upon the defendant's default in appearing or answering the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

To successfully oppose the plaintiff's motion for leave to enter judgment upon the defendant's default in appearing or answering the complaint, the defendant was required to demonstrate a reasonable excuse for his default in answering and a meritorious defense (*see* CPLR 5015 [a] [1]; *Albano v Nus Holding Corp.,* 233 AD2d 280, 281 [1996]). Under the circumstances, the Supreme Court providently exercised its discretion in denying the plaintiff's motion (*see Eckna v Kesselman,* 11 AD3d 507 [2004]). Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.