**INTERCONTINENTAL HOTELS CORPORATION, Registry Dallas Associates, L.P., and Sunshine Holdings I Corp., Appellants,**

v.

**James E. GIRARDS and James E. Girards, P.C., Individually and on Behalf of all others Similarly Situated, Appellees.**

No. 05–05–01726–CV.

Court of Appeals of Texas, Dallas.

March 13, 2007.

Richard Illmer, Chad Andrew Johnson, Brown, McCarroll L.L.P., Michael A. Swartzendruber, Fulbright & Jaworski L.L.P., Lori Martin Browne, Weil, Gotshal & Manges, Dallas, for appellants.

Keith M. Jensen, Law Office of Keith M. Jensen, P.C., Fort Worth, for appellees.

Before Chief Justice THOMAS and Justices MOSELEY and BRIDGES.

## OPINION

Opinion by Justice BRIDGES.

Intercontinental Hotels Corporation, Registry Dallas Associates, L.P., and Sunshine Holdings I Corp. (Intercontinental) appeal the trial court's class certification order in the underlying case. In a single issue, appellants argue the trial court erred in certifying the underlying case as a class action. We reverse the trial court's certification order and remand for further proceedings.

In 2000, Intercontinental contracted with American Blast Fax (ABF) whereby ABF agreed to send out faxes on behalf of Intercontinental. On April 27, 2001, Girards filed an original class action petition seeking damages because he and the members of the class received unsolicited faxes in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the Texas Fax Act. In its third amended class certification order, the trial court certified the class as:

The persons or entities billed by Southwestern Bell for a number at the time that number was confirmed to have received an Inter–Continental fax according to the American Blast Fax daily fax confirmation logs. The class excludes entities that are resellers of phone lines (e.g., AT & T, MCI, IWL, Logix, Birch, Allegiance, Sage, Ztel, etc.)

This appeal followed.

 In a single issue, Intercontinental argues the trial court erred in certifying the underlying cause as a class action. We review the trial court's order on class certification for an abuse of discretion. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 691 (Tex.2002). In reviewing a class certification, the initial inquiry focuses on the parameters of the proposed class. *Intratex Gas Co. v. Beeson*, 22 S.W.3d 398, 403 (Tex.2000). A properly defined class is essential to the maintenance of a class action. *Ford Motor Co. v. Sheldon*, 22 S.W.3d 444, 453 (Tex.2000). It is the class definition that determines who is entitled to notice, the nature of the relief to be awarded and who is entitled to that relief, and who is bound by the judgment if they lose. *Beeson*, 22 S.W.3d at 403. To be a sufficient class definition, class members must be presently ascertainable by reference to objective criteria. *Id.*

 Here, the class was defined as persons or entities billed by Southwestern Bell for a number at the time that number was confirmed to have received an Inter–Continental fax according to the American Blast Fax daily fax confirmation logs. James E Girards testified he received one fax from Intercontinental on December eleventh or twelfth 2000, and the record shows Intercontinental contracted with ABF in 2000. However, Valerie Lynn Thompson, "team lead" in the enterprise data warehouse at SBC, testified it was not possible to cross reference working telephone numbers with billing telephone numbers going back to 2000. Under the Texas Fax Act, only "a person who receives a communication that violates 47 U.S.C. Section 227 … may bring an action against the person who originates the communication." TEX. BUS. & COM.CODE ANN. § 35.47(f) (Vernon 2002). Thus, the record shows that, while appellees are apparently able to identify numbers to which ABF sent faxes and billing numbers associated with those numbers, the records do not go back to 2000 to show the relationship between billing numbers and working telephone numbers in 2000. From this information, the recipients of Intercontinental's faxes in 2000 are not presently ascertainable. *See Beeson*, 22 S.W.3d at 403.

 Further, Greg Horne, co-owner of ABF, testified ABF had "relationships with people all over the metroplex," and ABF had people ask to be added to their database. The Texas Fax Act prohibits faxes only where there is no consent from the called person. TEX. BUS. & COM.CODE ANN. § 35.47(a), (b) (Vernon 2002). Thus, the issue of consent will be the object of most litigants' efforts and, as a result, the individual issues, not the common ones, will predominate in this case. *See Kondos v. Lincoln Prop. Co.*, 110 S.W.3d 716, 722 (Tex.App.-Dallas 2003, no pet.) (trial court abused its discretion in certifying class where individual issues of express invitation or permission predominated). Appellees concede that, "Absent proving the impossibility of prior consent … this issue would predominate regardless of who bears the burden of proof." Although appellees assert that prior consent was proven to be impossible in this case, for the foregoing reasons we disagree. We conclude the trial court abused its discretion in certifying the class in this case. *See Beeson*, 22 S.W.3d at 403; *Kondos*, 110

S.W.3d at 722. We sustain appellant's single issue for the reasons set forth above. Thus, we need not—and do not—address appellants' remaining arguments in support of their issue. *See* Tex.R.App. P. 47.1.

We reverse the trial court's order certifying the class in the underlying proceeding and remand this cause for further proceedings.