◼ J. A. Weitzman, Inc., Doing Business as W & W Manufacturing Co., Appellant, v Lerner, Cumbo & Associates, Inc., Respondent, et al., Defendants. [847 NYS2d 679]—

In a putative class action, inter alia, for injunctive relief and to recover damages for violation of the Telephone Consumer Protection Act (47 USC § 227), and General Business Law § 349, the plaintiff appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated July 7, 2006, which granted the motion of the defendant Lerner, Cumbo & Associates, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff's complaint arises out of a single incident in which it received a three-page facsimile (hereinafter fax) sent after business hours from a staffing firm offering the plaintiff its services in providing employees. The plaintiff commenced a purported class action alleging, inter alia, a violation of the Telephone Consumer Protection Act (47 USC § 227), seeking statutory damages or actual damages and injunctive relief.

A class action to recover a penalty, or minimum measure of recovery pursuant to the Telephone Consumer Protection Act cannot be maintained in light of CPLR 901 (b) (*see Rudgayzer & Gratt v Cape Canaveral Tour & Travel, Inc.*, 22 AD3d 148 [2005]; *Leyse v Flagship Capital Servs. Corp.*, 22 AD3d 426 [2005]; *Weber v Rainbow Software, Inc.*, 21 AD3d 411 [2005]; *Giovanniello v Hispanic Media Group USA, Inc.*, 21 AD3d 400 [2005]; *Bonime v Bridge 21, Inc.*, 21 AD3d 393 [2005]; *Ganci v Cape Canaveral Tour & Travel, Inc.*, 21 AD3d 399 [2005]).

To the extent that the plaintiff waived statutory damages in favor of pursuing actual damages and injunctive relief (*see Super Glue Corp. v Avis Rent A Car Sys.*, 132 AD2d 604, 606 [1987]; Alexander, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C901:11), the plaintiff is unable to establish its entitlement to such relief. Although the plaintiff asserted that it had lost orders for its products while the fax was being transmitted because its customers were unable to transmit their orders at that time, the plaintiff cannot identify any particular customers who were thwarted by the fax from placing an order. Instead, the plaintiff attempts to rely upon a comparison of gross revenues to show a general loss of sales allegedly attributable to the fax. However, the plaintiff was unable to show such a loss with any reasonable certainty and even if the plaintiff were to show a general loss of sales, there is no evidence that such a loss is attributable to the fax in question (*cf. Kenford Co. v County of Erie*, 67 NY2d 257, 261 [1986]). "In the absence of injury, the plaintiff cannot sue for damages, nor may he seek equitable redress, 'because there is nothing to redress' " (*Porr v NYNEX Corp.*, 230 AD2d 564, 576 [1997], quoting *Marcus v AT & T Corp.*, 938 F Supp 1158, 1172 [1996], *affd* 138 F3d 46 [1998]; *cf. Ashland Mgt. v Janien*, 82 NY2d 395, 403 [1993]; *Lehigh Constr. Group v Almquist*, 262 AD2d 943, 944 [1999]; *Hirsch Elec. Co. v Community Servs.*, 145 AD2d 603, 605 [1988]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Rivera, Santucci and Balkin, JJ., concur.