23 A.3d 469 (2011)
421 N.J. Super. 268
LOCAL BAKING PRODUCTS, INC., Plaintiff-Appellant,
v.
KOSHER BAGEL MUNCH, INC., Defendant-Respondent.
Docket No. A-3923-09T2
Superior Court of New Jersey, Appellate Division.
Argued March 1, 2011.
Decided July 19, 2011.
*470 Phillip A. Bock (Bock & Hatch) of the Illinois bar, admitted pro hac vice, argued the cause for appellant (Herten, Burstein, Sheridan, Cevasco, Bottinelli, Litt & Harz, L.L.C. and Mr. Bock, attorneys; Terry Paul Bottinelli, of counsel; Christopher T. Karounos, Hackensack, of counsel and on the brief).
Jay M. Green argued the cause for respondent (Bodell, Bove, Grace & Van Horn, P.C., attorneys; Louis A. Bove and Mr. Green, on the brief).
Before Judges CARCHMAN, GRAVES and MESSANO.
The opinion of the court was delivered by
CARCHMAN, P.J.A.D.
The Telephone Consumer Protection Act (TCPA or the Act), 47 U.S.C.A. § 227, enacted by Congress in 1991, prohibits the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement. . . ." 47 U.S.C.A. § 227(b)(1)(C). The Act provides for, among other remedies, a "[p]rivate right of action" and fixes the damages for each violation at $500 or actual damages, whichever is greater. 47 U.S.C.A. § 227(b)(3).
The narrow issue raised on this appeal is whether a plaintiff may maintain a class action to enforce the private cause of action. On defendant's motion to dismiss for failure to state a cause of action, Rule *471 4:6-2(e) and Rule 4:6-3, the motion judge concluded that no class action could be brought and dismissed all class action claims as well as a separate claim for conversion. Thereafter, judgment was entered in plaintiff's favor for the $500 statutory damages. We affirm and conclude that plaintiff may not maintain a class action.
The facts are not complex. According to plaintiff Local Baking Products, Inc., on May 19, 2006, it received an unsolicited one-page fax in its fax machine from defendant Kosher Bagel Munch, Inc., touting the services of defendant, a local restaurant in Passaic. Apparently, defendant had hired an entity known as Business to Business Solutions to transmit a "blast fax," advertising defendant's food services to approximately 4649[1] fax machines.
In response, plaintiff filed a complaint under the TCPA on its behalf and on behalf of:
All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.
Defendant thereafter moved to dismiss the class action allegations for failure to state a cause of action. The motion judge concluded that a class action could not be maintained under the TCPA. She dismissed the class action allegations as well as the claim for conversion.
This appeal followed.
On appeal, plaintiff asserts that the judge erred in dismissing the complaint's class allegations. It claims that New Jersey authorities support a class action under the TCPA, and the TCPA does not expressly preclude class actions. Finally, it claims that the judge erroneously dismissed plaintiff's conversion claim.
In response, defendant claims that the complaint, on its face, does not support a class action. Specifically, it alludes to typicality and superiority as appropriate bases for denying relief. It also argues that the judge properly dismissed the conversion cause of action.
The motion judge relied on two unreported opinions that had previously held that no class action could be maintained under the TCPA. She noted that in one instance, no certifiable class had been identified even after full discovery. The judge concluded that New Jersey's easily accessible small claims courts, the expressed statutory intent, the minimal harm involved, and the relatively high statutory damages supported the view that individual claims were "a far superior method to vindication of any rights and protection of the public than any certification or class action." See N.J.S.A. 4:32-1(b)(3). Finally, she indicated that because she ruled "on a substantive level" and not on "procedural [grounds] that could be fixed later on," all class claims were dismissed with prejudice.
In addressing the issues involved, we first consider the provisions of the Act. In 1991, Congress enacted the TCPA, providing, among other things, federally recognized relief from unwanted commercial advertising solicitations by means of telephone facsimile (fax) machines.
The provisions of the TCPA are not complex. As we previously noted, section *472 227(b)(1)(C) makes it unlawful for any person within the United States "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement. . . ." The Act also provides three exceptions: (1) if a prior business relationship exists between the parties; (2) if the recipient voluntarily makes its fax number available for "public distribution"; or (3) if the advertisement contains a notice informing the recipient of the ability and means to avoid future unsolicited advertisements. 47 U.S.C.A. § 227(b)(1)(C).
An unsolicited advertisement is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission, in writing or otherwise." 47 U.S.C.A. § 227(a)(5).
The TCPA provides three avenues for enforcement: (1) regulatory and court action by the Federal Communications Commission (FCC) for violation of regulations promulgated under the Act, 47 U.S.C.A. § 227(b)(2); (2) civil action by the Attorney General of a state, or an official or agency designated by a state, on behalf of its residents, to recover for the greater of actual monetary loss or $500 for each violation, trebled in the court's discretion for willful or knowing violations, 47 U.S.C.A. § 227(g); (3) a private action brought by a private person or entity, not in federal court but if "otherwise permitted by the laws or rules of court of a State," in an "appropriate court of that State" for injunctive relief and for recovery of the greater of actual monetary loss or $500 in damages for each violation, 47 U.S.C.A. § 227(b)(3).
The private action remedy, which is the focus of this appeal, was incorporated in a late amendment to Senate Bill S. 1462, with the purpose of permitting, in states willing to allow such actions, a consumer to appear without an attorney in a small claims court to recover not merely actual damages but a minimum of $500 for each violation. See Int'l Sci. & Tech. Inst. v. Inacom Commc'ns, Inc., 106 F.3d 1146, 1152-53 (4th Cir.1997). The drafters recognized that damages from a single violation would ordinarily amount to only a few pennies worth of ink and paper usage, and so believed that the $500 minimum damage award would be sufficient to motivate private redress of a consumer's grievance through a relatively simple small claims court proceeding, without an attorney. See 137 Cong. Rec. S16205-06 (daily ed. Nov. 7, 1991) (statement of Sen. Hollings) ("[I]t would defeat the purposes of the bill if the attorneys' costs to consumers of bringing an action were greater than the potential damages.").
Here, plaintiff seeks to pursue the private action remedy not simply on its own behalf, but as a class action. Class action certification is governed by Rule 4:32-1. That Rule includes both general, Rule 4:32-1(a), and specific, see Rule 4:32-1(b), requirements. Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 106, 922 A.2d 710 (2007). Class certification is appropriate only if:
(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
[R. 4:32-1(a).]
The issues in this case are whether the proposed class raises "questions of law or fact common to the members of the class [that] predominate over any questions *473 affecting only individual members [(commonality and predomination)], and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy [(superiority)]." R. 4:32-1(b)(3). The analysis must be "rigorous" and "look beyond the pleadings to understand the claims, defenses, relevant facts, and applicable substantive law." Iliadis, supra, 191 N.J. at 106-07, 922 A.2d 710 (internal quotations and alterations omitted).
The factors pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability in concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action.
[R. 4:32-1(b)(3).]
Defendant argues that the motion judge's decision was contrary to our holding in United Consumer Financial Services Co. v. Carbo, 410 N.J.Super. 280, 982 A.2d 7 (App.Div.2009). In Carbo, we considered whether the superiority requirement is fulfilled when "the common, typical and predominant claim of the class members is a statutory violation for which a statutory civil penalty will be awarded. . . ." Id. at 308, 982 A.2d 7. The statute at issue was "the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 to -18." Id. at 292, 982 A.2d 7. The trial judge had certified a class of 16,845 individuals and awarded each the statutory penalty of $100. Ibid.
In upholding the award, we considered a prior TCPA decision, which concluded that "the individual claims, which required proof that the defendant transmitted an advertisement without the individual recipient's `prior express invitation or permission,' did not have the `common nucleus of operative facts' required for a class action." Id. at 308, 982 A.2d 7 (quoting Forman v. Data Transfer, 164 F.R.D. 400, 402-05 (E.D.Pa.1995)). We did not dispute the holding in Forman but took issue with the view that the "authorization of a class action where statutory civil penalties available to many individuals could be aggregated `would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements.'" Ibid. (quoting Forman, supra, 164 F.R.D. at 405). Forman was unpersuasive because problems with "enormous awards" which were "based upon aggregation of individual statutory civil penalties should be addressed as a question of excessive damages at the time the penalty is fixed, not at the time of class certification." Id. at 309, 982 A.2d 7 (citing Parker v. Time Warner Entm't Co., L.P., 331 F.3d 13, 22 (2d Cir.2003)).
Defendant argues that "[t]he Superior Court's reasoning was indistinguishable from the defendants' argument that was rejected in Carbo." We disagree. Carbo rejected the out-of-hand denial of class certification "based on the potential for a large award based upon aggregated civil penalties." Carbo, supra, 410 N.J.Super. at 309, 982 A.2d 7 (citing Murray v. GMAC Mortgage Corp., 434 F.3d 948, 953 (7th Cir.2006)). This narrow ruling is distinguishable from the superiority concerns addressed by the motion judge. A superiority analysis "necessarily implies a comparison with alternative procedures, and mandates assessment of the advantages and disadvantages of using the class-action device in relation to other methods of litigation." Iliadis, supra, 191 N.J. at 114, *474 922 A.2d 710 (internal citations and quotations omitted) (citing In re Cadillac, 93 N.J. 412, 436, 461 A.2d 736 (1983)). The trial judge did just that, noting that a plaintiff simply must "come to the small claims court, file your complaint, have your $500, you don't need an attorney; . . . that's a far superior method of vindication. . . than any certification or class action." This view reflected the view of Senator Hollings, the sponsor of the TCPA. The trial judge's recognition of the viability of individual claims as compared to a class action was not only proper but required, and such analysis does not bespeak a generalized policy against large awards.
While no New Jersey case has been reported on the issue,[2] the issue of TCPA class actions has been the subject of reported decisions in other jurisdictions. A survey of these cases reveals a lack of uniformity as to approach and result.
Seven states have reported decisions[3] allowing class certification for TCPA claims: Arizona, California, Florida, Indiana, Missouri, North Carolina[4] and Oklahoma. See ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. 94, 50 P.3d 844 (App.2002) (reversing trial court's conclusion that lack of other TCPA claims weighed against class action's superiority), review denied, No. CV-02-0285-PR (Ariz. Jan. 8, 2003); Kaufman v. ACS Sys., Inc., 110 Cal.App.4th 886, 2 Cal.Rptr.3d 296, 328 (2003) (agreeing with the trial court that a TCPA class action suit was proper, but noting the division of the courts on the issue, and restraining certification to a "case-by-case basis"), review denied, No. S118705 (Cal. Oct. 15, 2003); Hypertouch, Inc. v. Superior Court, 128 Cal.App.4th 1527, 27 Cal.Rptr.3d 839 (2005) (vacating class certification which required members to "opt-in," shifting burden of identification and notification of class members to sender); Guy's World, Inc. v. Condon, 1 So.3d 240, 241 (Fla.Dist.Ct.App.2008) (affirming certification due to the limited record, but noting that "[t]he legal question of whether the TCPA bars class actions calls for an answer"); Core Funding Group, LLC v. Young, 792 N.E.2d 547, 552 (Ind.Ct.App.) (finding ex parte certification appropriate because plaintiff "alleged common questions of law and fact that predominated over any questions affecting individual class members" and "[t]he trial court's analysis of the class certification question was as thorough as it could be without [defendant]'s participation"), transfer denied, 804 N.E.2d 759 (Ind.2003); Karen S. Little, LLC v. Drury Inns, Inc., 306 S.W.3d 577, 584 (Mo.Ct.App.2010) (holding that class certification was appropriate because "there was a simple set of facts common to all class members applying the *475 same legal theory under a uniform federal law"); Blitz v. Agean, Inc., 197 N.C.App. 296, 677 S.E.2d 1, 10 (2009) (noting that certification was appropriate, in part, because "[s]mall claims court cannot, per se, be a superior venue in this State for violations of the TCPA, because it does not possess the authority to grant injunctions"), cert. denied, 363 N.C. 800, 690 S.E.2d 530 (2010); Lampkin v. GGH, Inc., 146 P.3d 847, 855 (Okla.Civ.App.2006) (finding that class action was superior because the "action involves so many relatively small claims that if the class members pursued their claims individually, it would unduly and unnecessarily clog the judicial system" of Oklahoma).
Five states have denied certification[5]: Colorado, Connecticut, New York, Ohio[6] and Texas. See Livingston v. U.S. Bank, N.A., 58 P.3d 1088, 1091 (Colo.App.) ("[B]ecause individual issues predominated over common issues, the court did not err in denying class certification."), cert. denied, No. 02SC417 (Colo. Dec. 16, 2002); Weber v. U.S. Sterling Sec., Inc., 282 Conn. 722, 924 A.2d 816, 827 (2007) (noting that under New York law a "plaintiff may bring a class action only if the statute on which the action is based specifically authorizes the action to be brought as a class action," which the TCPA does not); J.A. Weitzman, Inc. v. Lerner, Cumbo & Assocs., Inc., 46 A.D.3d 755, 847 N.Y.S.2d 679, 680 (2007) (noting that "[a] class action to recover a penalty, or minimum measure of recovery pursuant to the Telephone Consumer Protection Act cannot be maintained in light of" applicable state law requiring statutory authorization for class action suits); Intercontinental Hotels Corp. v. Girards, 217 S.W.3d 736, 738 (Tex. App.2007) (denying certification because "the individual issues [including consent], not the common ones, will predominate in this case").
Federal courts have addressed the issue[7], and are also split. See Gene & Gene, LLC v. BioPay, LLC, 624 F.3d 698 (5th Cir.2010) (reversing the recertification of the class after an interlocutory appeal determined that consent could not be established by class-wide proof and certification was not appropriate); CE Design Ltd. v. King Architectural Metals, Inc., 271 F.R.D. 595 (N.D.Ill.2010) (noting that class action was superior because consent was not established, but was later remanded by the 7th Circuit to determine whether consent made named plaintiff improper class representative), vacated and remanded, 637 F.3d 721 (7th Cir.2011); Kavu, Inc. v. Omnipak Corp., 246 F.R.D. 642, 650 (W.D.Wash.2007) (certifying under the TCPA a narrower class than requested and stating that the class size was "a direct result of defendant's large number of violations, for which it should not be rewarded"); Kenro, Inc. v. Fax Daily, Inc., 962 F.Supp. 1162, 1169 (S.D.Ind.1997) (denying certification "[b]ecause [plaintiff]'s class definition would require the court to conduct individual inquiries with regard to each potential class member in order to determine whether each potential class member had invited or given permission *476 for transmission of the challenged fax advertisements"); Forman, supra, 164 F.R.D. at 405 (denying certification because a class action "would not avoid duplicative lawsuits with potentially inconsistent results where, as here, liability is determined by facts that are individual as to each plaintiff" and "would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements").
In addition, both Georgia and Louisiana have decisions from different courts within the jurisdiction reaching different results.[8]Compare Carnett's, Inc. v. Hammond, 279 Ga. 125, 610 S.E.2d 529 (2005) (recognizing that a class action may be an appropriate mechanism for pursuing claims but denying certification), with Am. Home Servs. Inc. v. A Fast Sign Co., 287 Ga.App. 161, 651 S.E.2d 119, 120 (2007) (affirming certification because "the proposed class explicitly excluded all parties" with whom plaintiff had "an established business relationship"); compare Display South, Inc. v. Graphics House Sports Promotions, Inc., 992 So.2d 510, 523 (La.Ct.App.) (affirming certification despite "[t]he fact that, following certification, some putative members of the class will eventually be found to have consented to the receipt" of the faxes), writ dismissed, 993 So.2d 1274 (La. 2008), with Party Paradise v. Al Copeland Invs., Inc., 22 So.3d 1018, 1022, 1024 (La. Ct.App.2009) (denying certification because class defined as "any recipients of any faxed advertisements" did not "establish the actual identity of the putative class" as required).
While we have doubts as to whether plaintiff could meet the commonality and typicality requirements of Rule 4:32-1(a), we conclude that it cannot meet "the more demanding criteria" of predominance and superiority. Wal-Mart Stores, Inc. v. Dukes, 564 U.S. ___, 131 S.Ct. 2541, 2565, ___ L.Ed.2d ___ (2011) (Ginsburg, J., dissenting).
We conclude that a class action suit is not a superior means of adjudicating a TCPA suit. Class actions are generally appropriate where individual plaintiffs have "small claims" which "are, in isolation, too small . . . to warrant recourse to litigation. . . ." Iliadis, supra, 191 N.J. at 104, 922 A.2d 710 (internal quotation marks omitted). In such instances, "the class-action device equalizes the claimants' ability to zealously advocate their positions." Ibid. That equalization principle remedies the incentive problem facing litigants who seek only a small recovery. "In short, the class action's equalization function opens the courthouse doors for those who cannot enter alone." Ibid.
Here, by imposing a statutory award of $500, a sum considerably in excess of any real or sustained damages, Congress has presented an aggrieved party with an incentive to act in his or her own interest without the necessity of class action relief. As the motion judge observed, "the nature of the harm . . . as near as I can tell, is about two cents worth of paper and maybe a little ink and toner." The judge also noted that in New Jersey, "pro se individuals and consumers [are] allowed to file a small claims complaint, [and] they do not need a lawyer. They are quickly before a Judge. I believe at the present time the standard is 30 to 45 days. An answer doesn't even have to be filed." The combination of the TCPA's design and New Jersey's procedures suggests that the benefit *477 of a class action has been conferred on a litigant by the very nature of the procedures employed and relief obtained. The cost of litigating for an individual is significantly less than the potential recovery.
Ultimately, we note that the same facts required to prevail on an individual TCPA claiman unsolicited fax was received from a sender with whom the recipient had no prior business relationshipare identical to the facts that would have to be proven to merely identify a single class member. See Kenro, supra, 962 F.Supp. at 1169. We discern no superiority in such a situation. In sum, the class action cannot meet the superiority test and is inappropriate here.
Finally, plaintiff appeals from the dismissal of its conversion claim based, in part, on the cost of the paper and ink used to receive the unsolicited fax. We discern no merit to its argument, and the issue does not require further discussion. R. 2:11-3(e)(1)(E).
Affirmed.
NOTES
[1] The transmission was to 6637 phone numbers. 4649 faxes were actually received.
[2] The trial judge expressly relied on two unpublished New Jersey cases. While they are not of precedential value, Rule 1:36-3, for the sake of completeness we list them here. Freedman v. Advanced Wireless Cellular Commc'ns, Inc., No. SOM-L-611-02, 2005 WL 2122304 (Law Div. June 24, 2005); Levine v. 9 Net Ave., Inc., No. A-1107-00, 2001 WL 34013297 (App.Div. June 7, 2001). See also R. Howard & Co. v. 395 Bloomfield Ave. Corp., No. L-3360-10 (Law Div. Dec. 17, 2010) (all denying class certification for TCPA claims). But see Goodrich Mgmt. Corp. v. Afgo Mech. Servs., Inc., No. 09-00043, 2009 WL 2602200 (D.N.J. Aug. 24, 2009) (finding that class action was not appropriate), vacated sub nom., Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72 (2011) (noting that the district court's holding on certification was premature and remanding for discovery to allow a rigorous analysis).
[3] Six other states (Alabama, Kansas, Massachusetts, South Carolina, Washington and West Virginia) have permitted class actions, but those decisions are unreported opinions.
[4] At least one unreported decision in North Carolina has also denied class certification.
[5] One state, Maryland, has also denied certification in an unreported opinion.
[6] Ohio has adopted a public domain citation format, rendering the published/unpublished dichotomy unclear. In any case, the Ohio Court of Appeals noted that "plaintiff's proposed class failed to meet its burden on the requirements of identifiability, numerosity, commonality, fair and adequate representation, and predominance and superiority." Boehm v. Interstate Ins. Servs. Agency, Inc., 2010-Ohio-5432, 2010 WL 4514255 (Ohio Ct. App.2010).
[7] In addition, an unreported case from the District of Maryland denied class certification.
[8] Additionally, Illinois has unpublished cases both granting and denying class action certification for TCPA claims.