NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

13-P-1371                                    Appeals Court

   HAZEL'S CUP & SAUCER, LLC  vs.  AROUND THE GLOBE TRAVEL, INC.


No. 13-P-1371.

Suffolk.     May 8, 2014. - August 22, 2014.

Present:  Rubin, Wolohojian, & Maldonado, JJ.


Consumer Protection.  Practice, Civil, Class action.  Telephone.
     Advertising.


     Civil action commenced in the Superior Court Department on
March 8, 2010.

     A motion for class certification was heard by Frances A.
McIntyre, J., and entry of judgment was ordered by her.


     Tod A. Lewis, of Illinois, for the plaintiff.


     RUBIN, J.  The Federal Telephone Consumer Protection Act of

1991 (TCPA) forbids the use of "any telephone facsimile machine,

computer, or other device to send, to a telephone facsimile

machine an unsolicited advertisement."  47 U.S.C. § 227(b)(1)(C)

(2006).  The TCPA creates a private right of action for

recipients of unsolicited advertisements received by facsimile

(fax), entitling them to collect from the sender the greater of actual damages or $500. Treble damages are available in the case of knowing or wilful violations.

Florida travel agency Around The Globe Travel, Inc. (Around The Globe) hired New York fax broadcaster Business to Business Solutions (B2B) to assist it with advertising a Super Bowl party on a cruise ship. Using a list of fax machine telephone numbers purchased from a third party, B2B sent 2,325 faxes to 1,640 different Massachusetts business fax numbers on August 2 and 3, 2006. One of the recipients was the plaintiff, Hazel's Cup & Saucer, LLC (Hazel's).

Hazel's brought this case as a putative class action in the Superior Court against the defendant Around The Globe.[1] The submissions of Hazel's to the lower court describe some of the difficult and costly procedures undertaken by Hazel's, its counsel, and its expert witness in order to find both Around The Globe and B2B, and to identify the recipients of the advertisement at issue.

The motion judge denied a motion for class certification under Mass.R.Civ.P. 23, as amended, 452 Mass. 1401 (2008).[2] With

---

[1] Charlotte Boedigheimer, Around The Globe's president and sole shareholder, was dismissed below as a defendant, with prejudice.

[2] After entry of the order denying the motion for class certification, the parties entered into an agreed-upon

respect to the four factors listed in rule 23(a) -- numerosity, commonality, typicality, and adequacy of representation -- the judge found the requirements of the TCPA easily met.  As for the factors outlined in rule 23(b) -- predominance of common questions of law and fact over issues affecting only individual members, and superiority of class action over other methods of adjudication -- the judge found that the predominance requirement also was satisfied, before turning to the question of superiority.  On this final inquiry, she concluded that the class action mechanism was not superior to the adjudication of each individual class member's claim in the small claims session of the District Court.

The judge found that allowing class certification would be "patently unfair" because

> "the potential damage award would be disproportionate in relation to the actual harm suffered by the class. . . . [A] potential cumulative award of the alleged 2,325 TCPA violations would range from a minimum of over $1.1 million to over $3.4 million.  Yet, the nature of the harm suffered by individual claimants -- the cost of paper, ink, and toner -- amounts to pennies."

The judge found that the disparity between actual damages suffered and the statutory award was particularly undesirable because "the class action mechanism for TCPA claims would lend itself to use as a device for the solicitation of litigation."

stipulated judgment, the contents of which present no issues on appeal.

On the other hand, she reasoned, "The possible damage award for each violation of the TCPA is not a nominal amount such that, without the class action device, an individual would be foreclosed from the courthouse." The judge concluded that, "[W]ith the facts required to prevail on an individual claim the same as proving membership in a class, a small claims action provides a cost effective and straightforward forum for individual plaintiffs interested in pursuing their TCPA claims."

The parties subsequently reached an agreed-upon stipulated judgment, which entered without prejudice to Hazel's being able to appeal the denial of class certification. See note 2, supra. This appeal followed.

Discussion. Though the question of class certification is committed to the sound discretion of the judge, a class certification order must be reversed if it is based upon legal error. See Salvas v. Wal-Mart Stores, Inc., 452 Mass. 337, 361 (2008). One of the primary purposes of the class action mechanism is "to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 617 (1997), quoting from Mace v. Van Ru Credit Corp., 109

F.3d 338, 344 (7th Cir. 1997).  As the Supreme Judicial Court has explained, "[T]he policies of judicial efficiency and access to courts that underlie the consumer class action suit [are that] it aggregates numerous small claims into one action, whose likely range of recovery would preclude any individual plaintiff from having his or her day in court."  Weld v. Glaxo Wellcome Inc., 434 Mass. 81, 93 (2001).

This case presents an archetypical example of a case in which the class action mechanism is superior to that of individual litigation of each claim.  Under the TCPA, each person sent an unsolicited fax is entitled to damages in the amount of $500.  The cost of obtaining counsel to litigate each case -- particularly given the need for discovery -- would likely be greater than the expected value of each claim.

It was an error of law to conclude that providing redress for plaintiffs entitled to it by the TCPA would be "unfair" because of the cumulative cost to the defendant, and that therefore a class action was not superior to the individual litigation of the class members' claims.  Congress has made the judgment that statutory damages in this amount are necessary to compensate those injured by the receipt of unwanted fax advertisements, and to deter this unlawful conduct.  A judge's determination of superiority under Mass.R.Civ.P. 23(b) may not properly include his or her judgment about the wisdom or

propriety of the substantive law under which the plaintiff seeks redress.  Nor may the possibility that the class action mechanism may work successfully as it was intended to by the enacting Legislature in providing appropriate redress by aggregating small recoveries be treated as a factor supporting a conclusion that the class action mechanism would be inferior to individual litigation of those claims.

We agree with the majority of courts to have discussed the issue under various cognate class action provisions and hold that the class action mechanism is a superior avenue for adjudication of claims under 47 U.S.C. § 227 on facts such as these.[3]  Regardless of the proper construction of the cognate

---

[3] Compare Kavu, Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D. Wash. 2007); Reliable Money Order, Inc. v. McKnight Sales Co., 281 F.R.D. 327 (E.D. Wis. 2012); Vandervort v. Balboa Capital Corp., 287 F.R.D. 554 (C.D. Ca. 2012); Siding & Insulation Co. vs. Combined Ins. Group, Ltd., U.S. Dist. Ct. No. 1:11 CV 1062 (N.D. Ohio Apr. 24, 2012); Van Sweden Jewelers, Inc. vs. 101 VT, Inc., U.S. Dist. Ct., No. 1:10-CV-253 (W.D. Mich. Sept. 19, 2012); Sparkle Hill, Inc. vs. Interstate Mat Corp., U.S. Dist. Ct., No. 11-10271-RWZ (D. Mass. Dec. 18, 2012); St. Louis Heart Center, Inc. vs. Vein Centers for Excellence, Inc., U.S. Dist. Ct., No. 4:12 CV 174 CDP (E.D. Mo. Dec. 11, 2013); C-Mart, Inc. vs. Metropolitan Life Ins. Co., U.S. Dist. Ct., No. 13-80561 (S.D. Fla. Feb. 4, 2014); Michel vs. WM Healthcare Solutions, Inc., U.S. Dist. Ct., No. 1:10-CV-638 (S.D. Ohio Feb. 7, 2014); Arnold Chapman & Paldo Sign & Display Co. vs. Wagener Equities, Inc., U.S. Dist. Ct., No. 09 C 07299 (N.D. Ill. Feb. 11, 2014); Hawk Valley, Inc. vs. Taylor, U.S. Dist. Ct., No. 10-CV-00804 (E.D. Pa. Mar. 31, 2014); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. 94 (2002); Critchfield Physical Therapy v. Taranto Group, Inc., 293 Kan. 285 (2011); Display S., Inc. v. Graphics House Sports Promotions, Inc., 992 So. 2d 510 (La. Ct. App. 2008); Karen S. Little, L.L.C. v. Drury

Federal and State class action rules, we hold that the superiority prong of Mass.R.Civ.P. 23(b) was met in this case.

Except to the extent it dismisses all claims against Charlotte Boedigheimer with prejudice, see note 1, supra, the stipulated judgment entered on May 21, 2013, is vacated. The order denying the motion for class certification is reversed, and the matter is remanded to the Superior Court for entry of an order certifying the class and for further proceedings consistent with this opinion.

So ordered.

---

Inns, Inc., 306 S.W.3d 577 (Mo. Ct. App. 2010); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Civ. App. 2006); with Forman v. Data Transfer, Inc. 164 F.R.D. 400 (E.D. Pa. 1995); Evans & Green, LLP vs. That's Great News, LLC, U.S. Dist. Ct., No. 11-3340-CV-S-ODS (W.D. Mo. Oct. 15, 2012); Hammond v. Carnett's, Inc., 266 Ga. App. 242 (Ga. Ct. App. 2004); Local Baking Prod., Inc. v. Kosher Bagel Munch, Inc., 421 N.J. Super. 268 (App. Div. 2011); Cicero v. U.S. Four, Inc., 2007-Ohio-6600 (Ct. App. 2007); Sal's Glass Co. vs. Duplicating Methods Co., Conn. Super. Ct., No. HHDCV106016006S (Mar. 11, 2013).