BETH BLOOM, UNITED STATES DISTRICT JUDGE
THIS CAUSE is before the Court upon Defendant Peterson's Harley Davidson of *1370 Miami, L.L.C.'s Motion to Dismiss, ECF No. [6], (the "Motion"). The Court has carefully reviewed the record, the parties' briefs, and the applicable law. For the reasons that follow, the Motion is denied.
I. BACKGROUND
Plaintiff Derrick Thomas ("Plaintiff") initiated this putative class action on July 26, 2018 against Defendant for violation of the Telephone Consumer Protection Act ("TCPA").
According to Plaintiff's Complaint, between November 2, 2017 and April 5, 2018, Peterson's Harley Davidson of Miami, L.L.C. ("Defendant") sent Plaintiff at least five unsolicited text messages to his cellular telephone number, from short code 599-25. ECF No. [1] at ¶ 11. The Complaint includes screenshots of text messages from 599-25 on November 2nd, December 7th, and April 5th indicating that the messages were from "Petersons [sic] Harley Davidson of Miami." Id. The text messages solicited enrollment in Peterson's "VIP Club," which the recipient could do by "Reply[ing] Y." Id. The text messages also promoted Defendant's motorcycles, apparel, and other merchandise. Id. Plaintiff alleges that the text messages were sent utilizing an automatic telephone dialing system, based on the circumstances surrounding the text messages, including the ability to trigger an automated response by replying "Y," the text messages' commercial and generic content, that substantively identical texts were sent to multiple recipients, and that they were sent from a short code. Id. at ¶ 14.
Defendant filed the instant Motion on July 26, 2018.[1] Plaintiff's Response, and Defendant's Reply, timely followed. See ECF Nos. [8] and [12].
II. LEGAL STANDARD
Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly , 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ; see Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on " 'naked assertion[s]' devoid of 'further factual enhancement.' " Iqbal , 556 U.S. at 678, 129 S.Ct. 1937 (quoting Twombly , 550 U.S. at 557, 127 S.Ct. 1955 (alteration in original) ). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly , 550 U.S. at 555, 127 S.Ct. 1955. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."
When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. See *1371 Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance , 304 F.3d 1076, 1084 (11th Cir. 2002) ; AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC , 608 F.Supp.2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly , 550 U.S. at 555, 127 S.Ct. 1955 ; see Iqbal , 556 U.S. at 678, 129 S.Ct. 1937 ; Thaeter v. Palm Beach Cnty. Sheriff's Office , 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." Am. Dental Ass'n v. Cigna Corp. , 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Iqbal , 556 U.S. at 682, 129 S.Ct. 1937 ). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. See Wilchombe v. TeeVee Toons, Inc. , 555 F.3d 949, 959 (11th Cir. 2009) ; Maxcess, Inc. v. Lucent Technologies, Inc. , 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing Horsley v. Feldt , 304 F.3d 1125, 1135 (11th Cir. 2002) ).
III. DISCUSSION
Plaintiff brings his claim under a provision of the TCPA which prohibits the use of an automatic telephone dialing system ("ATDS") to call a cellular telephone without the recipient's consent. The TCPA provides in pertinent part: It shall be unlawful for any person within the United States ... to make any call ... using any [ATDS] ... to any telephone number assigned to a ... cellular telephone service.... 47 U.S.C. § 227(b)(1)(A)(iii). A text message to a cellular telephone qualifies as a "call" within the meaning of the TCPA. Gager v. Dell Fin. Servs., LLC , 727 F.3d 265, 269 n. 2 (3d Cir. 2013). Thus, Plaintiff alleges that Defendant violated the TCPA when it sent him text messages without his consent.
Defendant argues that Plaintiff's Complaint fails to state a claim under the TCPA because Plaintiff has not provided a sufficient factual basis for the assertion that Defendant used either an ATDS or prerecorded voice and sent solicitation text messages to Plaintiff's cellular phone without Plaintiff's consent. Specifically, Defendant contends that at a minimum Plaintiff should be required to provide the phone number at which he received the alleged messages. Additionally, Defendant maintains that Plaintiff's class allegations should be stricken because Plaintiff's allegations concerning the number of members in the proposed class are too speculative to satisfy the plausibility requirement under Twombly and Iqbal .
As Defendant appears to acknowledge in its Reply, see ECF No. [12] at 2, at the pleading stage, the TCPA does not require Plaintiff to "allege his specific cellular telephone number." Manfred v. Bennett Law, PLLC , No. 12-CV-61548, 2012 WL 6102071, at *2 n. 2 (S.D. Fla. Dec. 7, 2012). Indeed, in a TCPA case in the Southern District of Florida involving similar allegations, the court found that despite not identifying the specific telephone number called or texted, allegations of the "date and content of the text message, and that numerous other persons received the same text to their cell phones ... are sufficient to meet plaintiff's obligation to *1372 provide the grounds of his entitlement to relief, and provide sufficient notice to Defendant to answer the complaint." Buslepp v. Improv Miami, Inc. , No. 12-60171-CIV, 2012 WL 1560408, at *1 (S.D. Fla. May 4, 2012).
Here, Plaintiff's Complaint includes a screenshot of the allegedly violative text messages, setting forth the content of the text messages. The screenshot shows the date (but not the year) that the five text messages were sent, which, together with Plaintiff's allegation that the messages were sent between November 2, 2017 and April 1, 2018, establishes the particular date that each message was allegedly sent to Plaintiff. Plaintiff also sufficiently alleges that the text messages were sent en masse using an ATDS. Plaintiff's allegations concerning the circumstances surrounding the text messages - the messages' ability to trigger an automated response by replying "Y," the messages' commercial and generic content, and that the messages were sent from a short code - create a plausible inference of autodialing. Keim v. ADF Midatlantic, LLC , No. 12-80577-CIV, 2015 WL 11713593, at *4, 2015 U.S. Dist. LEXIS 159070 *13 (S.D. Fla. Nov. 9, 2015) (collecting cases). Accordingly, the Court finds that Plaintiff's allegations are sufficient to state a claim under the TCPA.
Turning to Plaintiff's class allegations, given the factual allegations identified in the preceding paragraph, it is entirely plausible that thousands of individuals may be entitled to relief from Defendant's alleged misconduct. Requiring Plaintiff to plead with greater particularity those facts concerning the size of the putative class is unnecessary at this early stage of the litigation. The issue of numerosity is more properly determined on a motion for class certification.[2]
IV. CONCLUSION
For the reasons stated herein, it is ORDERED AND ADJUDGED as follows:
1. Defendant Peterson's Harley Davidson of Miami, L.L.C.'s Motion to Dismiss, ECF No. [6] , is DENIED
2. Defendant shall file its response to Plaintiff's Complaint no later than November 2, 2018 .
DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of October, 2018.

Although the Motion was filed one day after the August 20, 2018 deadline to respond to the Complaint, in the interest of resolving the Motion on the merits, the Court accepts the late-filed motion.

The only case involving a ruling at the motion to dismiss stage that Defendant cites to support its argument that Plaintiff's class allegations are insufficient is a New Jersey state court case holding that class action suits under the TCPA cannot meet the requirements of predominance and superiority. Local Baking Prod., Inc. v. Kosher Bagel Munch, Inc. , 421 N.J. Super. 268, 280, 23 A.3d 469 (N.J. Super. App. Div. 2011). That is not the law in this jurisdiction.